JOHN O. MALLEY, APPELLANT, vs. INGERSOLL & WATLINGTON, RESPONDENTS.

For the purpose of review upon appeal from a judgment, the record must contain exceptions signed by the judge who presided at the trial, and the appellate court will dismiss an appeal unless the exceptions were duly signed. A case merely stated and signed by counsel will not be examined. This has been repeatedly held by this court before and since the adoption of the Code. The law does not authorize this court to reverse a judgment upon the mere statement of counsel.

Appeal from the Circuit Court for Alachua county, Fifth Judicial Circuit.

*S. Y. Finley* for Appellant.

*E. M. Thompson* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This cause is submitted on briefs, on the part of the appellant, upon the record which he has brought up. The record or "judgment roll" shows that an issue was joined by the parties, a trial had before a jury, a verdict rendered, and a motion made upon the minutes for a new trial, which was denied by the court. The order denying the motion for a new trial is signed by the Judge, and this is followed by this entry: "Excepted to by plaintiff's attorney," not signed. In a later portion of the record is a paper purporting to be a " case with exceptions," but it is signed by coun-

sel only, and not by the Judge. In the case of Bogue vs. McDonald, decided at the last term, and in other cases heretefore decided by this court, it has been held that even a stipulation or agreement signed by both parties in the form of a bill of exceptions, and upon which the case was argued to be submitted, without the exceptions being verified by the signature of the Judge, would not be considered in lieu of exceptions so verified. We cannot reverse a judgment merely on a statement of counsel.

The Code provides that when a motion for a new trial is heard and decided upon the minutes of the Judge, and an appeal is taken, a case or exceptions must be settled in the usual form, upon which the argument of the appeal must be had. The rules of the Circuit Court Nos. 32, 33, 34 and 35, prescribe the mode of settling a case, or exceptions in such cases, and they plainly direct that for the purposes of review, the exceptions must be settled and signed by the Judge. We cannot entertain a hypothetical case presented upon the suggestion of counsel on either side, or upon a stipulation of several counsel. This case is presented merely upon an exception signed by counsel for the appellant, and therefore the appeal must be dismissed. But as the respondent has not appeared, and the appeal is dismissed by the court without motion, no costs are allowed to respondent.