(85 App. Div. 400.)

PEOPLE v. GREEN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. MUNICIPAL CORPORATIONS—PARKS—REGULATION—ORDINANCES—VALIDITY.
     Greater New York Charter, Laws 1897, p. 212, c. 378, § 610, giving the park board power to establish general rules for the administration of that department, and to enact ordinances for the protection of parks, squares, and public places, and declaring the same subject to all such ordinances, as to the use and occupation, and in respect to any erections or incumbrances thereon, and declaring any person violating any of such ordinances guilty of a misdemeanor, did not confer power on the board to adopt ordinances prohibiting the posting of bills, placards, or advertising on property adjacent to the public parks.

2. SAME—PENALTY.
     Greater New York Charter, Laws 1897, p. 212, c. 378, § 610, authorizes the park board to establish general rules for the protection of parks and public places, and provides that any person violating the same shall be guilty of a misdemeanor and subject to fine. By virtue thereof the board adopted certain park ordinances, theretofore in force, prohibiting the posting of bills, placards, or other paper on any structure within or adjacent to parks, public squares, 'etc., unless previously licensed to do so. These ordinances had been originally enacted by virtue of Consolidation Act, § 688 (Laws 1882, p. 194, c. 410, amended by Laws 1896, p. 1110, c. 836) authorizing the park board to regulate advertisements on structures on land fronting on public parks, squares, etc., and providing for the enforcement of such rules by "ordaining penalties for each and every violation thereof." Held, that as the provision of Greater New York charter gave no authority for such an ordinance as was adopted, and the consolidation act provided for the recovery of a penalty, and not for punishment by a fine, a conviction for violation of section 610 of the charter could not be sustained under the consolidation act, assuming it to be in force and valid.

**3. CONSTITUTIONAL LAW—DEPRIVATION OF PROPERTY.**

> Consolidation Act, § 688 (Laws 1882, p. 194, c. 410, amended by Laws 1896, p. 1110, c. 836), authorizing the park board to regulate and control the exhibition of advertisements or structures intended for advertisements, or the exhibition of advertisements, on any lands fronting on public parks, squares, and places in New York City, and to enforce the regulations by ordaining penalties for violation thereof, is in violation of Const. art. 1, § 6, forbidding the taking of property for public use without compensation.
>
> Patterson and Hatch, JJ., dissenting.

Appeal from Court of General Sessions, New York County.

Joseph Green and George N. Goss were convicted of posting advertisements on a fence on vacant property, and appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. S. Gilbert, for appellants.

Theodore Connoly, for the People.

INGRAHAM, J. By section 610 of the charter of 1897 (Laws 1897, p. 212, c. 378), the park board was given power to establish general rules and regulations for the administration of the department, and to enact ordinances for the government and protection of all parks, parkways, squares, and public places within the city; and it provides that "the same shall at all times be subject to all such ordinances as to the use and occupation thereof and in respect to any erections or incumbrances thereon," and that "any person violating any of such ordinances shall be guilty of a misdemeanor and shall on conviction before a city magistrate be punished by a fine not exceeding fifty dollars, or in default of payment of such fine by imprisonment not exceeding thirty days." In pursuance of this power the park board, on September 15, 1898, adopted a resolution that certain park ordinances then in force were adopted, enacted, and declared ordinances of the park board for the boroughs of Manhattan and Richmond, under the authority and according to the provisions of section 610 of the charter of the city of New York. Section 4 of the park ordinance thus adopted prohibited any person from posting "any bill, placard, notice or other paper upon any structure within such squares or places, or upon any street or avenue adjacent thereto, unless previously licensed so to do by the president of the department." Section 2 provided:

> "No poster or advertising device shall be placed upon any fence or other structure intended for advertising or the exhibition of advertisements in, about or upon any vacant or unimproved land fronting upon or adjacent to any public park, square or place in the city of New York until a description or drawing of the same shall be filed with the commissioners of public parks, approved by them and a permit in writing issued therefor."

And it is for a violation of section 4 of the park ordinances that the defendants were convicted. By the evidence before the magistrate it appeared that the defendants were engaged on December 6, 1902, posting theatrical bills on a fence surrounding a vacant lot on the east side of Amsterdam avenue, north of 123d street; that this was within 50 feet of Morning Side Park; that this fence was upon private

property, not within the limit of any park, public place, street, or ave-- nue; and it was stipulated upon the hearing before the magistrate that the fence upon which the posting was done stood on private property, inclosing the property which it surrounded.

It is quite clear that the park board acquired no power to pass any ordinance in relation to the use to which owners should put their property adjacent to the public parks. Section 610 of the charter gives the park board power to pass ordinances for the government and protection of the parks, parkways, squares, and public places within the city; but there is no power, given either expressly or by implica- tion, to control the use to which private property outside of the limits of parks, or the public streets or avenues surrounding the parks, shall be put. The owner of the property upon which this fence was erected,. and upon which the defendants were posting advertisements, had a right to use his property in any legal way not prohibited by law, or not injurious to the health or welfare of the community; and the power given by this section is confined to a regulation of the public property embraced within the parks, or the places, streets, or avenues surrounding the parks.

The learned corporation counsel, however, insists that certain sec- tions of the consolidation act are still in force, and that these ordi-. nances are valid under the provisions of these sections. Section 688 of the consolidation act (chapter 410, p. 194, of the Laws of 1882, as amended by chapter 836, p. 1110, of the Laws of 1896) provides that:

"The said department shall also have the power to regulate and determine the height and character of all fences in or about all vacant or unimproved lands fronting upon or adjacent to all public parks, squares and places in said city, and to regulate and control the exhibition of advertisements there- on or structures intended for advertisements or the exhibition of advertise- ments upon any lands fronting upon the public parks, squares and places in said city. The said department shall have power to enforce obedience to such ordinances or rules as may be made as aforesaid, and observance thereof, by ordaining penalties for each and every violation thereof in such sums as they may deem expedient, not exceeding two hundred and fifty dol- lars, to be paid into the city treasury."

And Ordinance 2 of the old park board, to which attention has been called, was adopted in pursuance of the authority conferred by this section. Assuming that this ordinance was valid, and the Legisla- ture had power to authorize the park board as then constituted to con- trol the use to which property adjacent to the park should be put, and to impose a penalty for a violation of its direction, the park board im- posed no penalty for a violation of this ordinance. The statute gave the board power to regulate and control the exhibition of advertise- ments upon any lands fronting upon public parks, squares, and places in said city, and to impose penalties for a violation of ordinances or rules that it should make for that purpose. A violation of such a rule or ordinance is not, however, a violation of an ordinance adopted under section 680 of the charter (Laws 1897, p. 237, c. 378), and a per- son violating such an ordinance or rule could not be convicted under that section. The park board have by ordinance attempted to prohibit the placing upon any fence or other structure any poster or advertising device intended for advertisement, in, about, or upon any vacant

or unimproved land fronting upon or adjacent to any public park, square, or place in the city of New York, "until a description or drawing of the same shall be filed with the commissioners of public parks, approved by them and a permit in writing issued therefor"; but, so far as appears, they have provided no penalty for a violation of this ordinance, and, assuming that this ordinance was a valid exercise of power by the park board, under section 688 of the consolidation act, a violation of the ordinance would not be a misdemeanor, but the remedy of the city or the public authorities would be an action to recover from the person guilty of the offense the penalty prescribed, if one had been prescribed. Under this section of the consolidation act, and the ordinance adopted in pursuance of the authority attempted to be conferred thereby, there was no justification for the conviction of these defendants for a misdemeanor, and for imposing a fine upon them under section 610 of the charter.

The passage by the department of parks of the resolution by which they attempted to re-enact the ordinance then in force under the authority conferred by the consolidation act, where such an ordinance was not authorized by section 680 of the charter, does not make it a valid ordinance under that section; but the validity of that ordinance must be sustained, if at all, under the section of the consolidation act as amended by the act of 1896, and that act did not prescribe, as a penalty for a violation of an ordinance adopted in pursuance of the authority there given, that the person violating it should be guilty of a misdemeanor. I can find, therefore, no authority for the conviction of these defendants in any of these provisions of the statute relied upon by counsel to the corporation.

Irrespective of this, however, I think the attempt of this statute to control the use to which the owners of private property should put their property is a substantial appropriation of that property without compensation, and therefore in violation of section 6 of article 1 of the Constitution. It is not claimed that these advertisements affected the health or welfare of the community. They were not dangerous to pedestrians using the streets; did not in any respect interfere with the public parks, places, streets, or avenues; created no condition which would justify the interference of the police power of the state, by preventing a use of private property by the owners unless such use was approved by the park department. I suppose it would not be claimed that the Legislature would have power to provide that no building of any kind should be erected upon such property. The provision of the Constitution that property shall not be taken for public use without compensation certainly prohibits the Legislature from interfering with the use of private property by its owner, unless such use would justify the interference by the state under what is called the "police power." But the placing of a fence upon private property upon which is displayed an advertisement is certainly no more subject to the police power of the state than would be placing upon the property a shop, house, or other structure. The prohibition of such a use of the property does not come within any of the definitions of the police power to which our attention has been called.

While the Legislature might prohibit such a structure as would expose those using the parks or streets to danger, or prevent the exhibits of immoral advertisements or pictures, or the use of property in a way that would endanger the health of the community, it has no power to prevent the owners of private property adjacent to a public park from using their property to advertise what they or others have to sell, so long as the public health or welfare is not affected; and, being without power to prohibit, they are without power to require the consent of any public officer before the property can be used for that purpose. If this ordinance were enforced, no owner of a house could place upon it a notice that it was for rent or for sale without the consent of the park board. No person keeping a shop upon any street adjacent to the park could place his name upon the front of the building, or an advertisement as to the business that he carried on, without the consent of the department. It seems to me that this is an attempt to appropriate private property for public use without compensation and without due process of law, and prohibited by the Constitution. As was said by Judge Earl in Matter of Jacobs, 98 N. Y. 98, 50 Am. Rep. 636:

"Property may be destroyed, or its value may be annihilated. It is owned or kept for some useful purpose, and it has no value unless it can be used; * * * and hence any law which destroys it or its value, or takes away any of its essential attributes, deprives the owner of his property."

And in People v. Otis, 90 N. Y. 48, Judge Andrews says:

"Depriving an owner of some of its attributes is depriving him of his property within the constitutional provision."

This legislation, in my view, attempts to deprive the owner of property of his right to use it to advertise his own or another person's business, and as such takes from the owner property which cannot be taken without compensation or by due process of law. That this legislation is not within the police power is settled by the Matter of Jacobs, supra, where Judge Earl says:

"Under the mere guise of police legislation, personal rights and private property cannot be arbitrarily invaded."

And this is what is attempted by this legislation.

The case of City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659, is not in conflict with this view. All that was held in that case was that the Legislature had power to confer upon a municipal corporation authority to regulate boards erected for the purpose of bill posting, so far as such legislation was necessary to the safety or welfare of the inhabitants of the city or persons passing along the streets; and that was what the ordinance then before the court was intended to accomplish. A very different question would have been presented if the ordinance had attempted to prohibit the owners of property from displaying any advertisements upon their property.

The judgment appealed from should be reversed, and the defendants discharged.

LAUGHLIN, J., concurs. VAN BRUNT, P. J., concurs on last ground. PATTERSON and HATCH, JJ., dissent.