[Civ. No. 303.   First Appellate District.—January 19, 1907.]

## JOHN McQUEEN, Appellant, v. JAMES D. PHELAN, et al., Respondents.

Injunction—Interference with Carpet-beating Works—Validity of Ordinance—Public Nuisance—Conclusive Findings—Effect of Judgment—Appeal.—In a suit to enjoin the mayor, supervisors, chief of police, and health department of San Francisco from interfering with plaintiff's carpet-beating and cleaning works, and to avoid an ordinance under which defendants claimed the right to abate the same as a public nuisance, where issue was tendered and tried as to the fact of public nuisance, findings thereupon for defendants must be deemed conclusive upon an appeal taken by plaintiff upon the judgment-roll. The effect of the judgment for defendants is only to deny the injunction sought; and even if it be conceded that the ordinance is void, the judgment must be affirmed.

Id.—Power of Officers to Abate Public Nuisance—Presumption of Proper Procedure—Validity of Ordinance Immaterial.—Under section 3494 of the Civil Code, "a public nuisance may be abated by any public body or officer authorized by law," and where the public officials, defendants, are about to abate a public nuisance under the authority of that section, it must be presumed that they will proceed only as authorized by law, and the validity of the ordinance becomes immaterial. They cannot be restrained by injunction from proceeding, according to law, to abate what is found to be a public nuisance, whether the ordinance is valid or void.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

George W. Schell, for Appellant.

Lewis F. Byington, Franklin K. Lane, and Mullany, Grant & Cushing, for Respondents.

KERRIGAN, J.—This appeal is from a judgment in favor of defendants taken on the judgment-roll. The action was brought against the mayor, the board of supervisors, the chief of police and the department of public health, of the city and county of San Francisco, as defendants, in their

official capacities, for the purpose of enjoining them from interfering with the plaintiff's carpet-beating and cleaning works and the operation of the same; also to have declared void a certain ordinance set forth in the complaint, upon the ground that it is unconstitutional in several respects.

For the purposes of this case it may be conceded that the ordinance is void, and yet the judgment must be affirmed. The complaint, after setting forth a description of the plaintiff's plant and carpet-beating works, contains this allegation: "Plaintiff further alleges that said works and plant and the operation thereof is in no respect a public nuisance, or a nuisance in any particular, or injurious to health or offensive to the senses, or an obstruction in any wise to the free use of property." In the answer the defendants deny the above-quoted allegation, and also aver: "That the carpet-beating and cleaning works and operation thereof, mentioned in the complaint, have always been and are a nuisance." The answer further avers: "That the nuisance and injury to health, and offensive character, and obstruction to the free use of property caused by said carpet-beating works, and the operation thereof, mentioned by plaintiff in said amended complaint, has been carried on and prevailing and is still being carried on and prevailing. . . . Said carpet-beating works constitute a nuisance in that locality, and to the residents, families and people thereof, and the same is in fact, owing to its nature and character, very injurious and a great menace to the health of the people of said locality, and very offensive to the senses of said people and residents. . . . and a great obstruction to the free or comfortable use and enjoyment of property."

The case thus appears to have gone to trial upon a distinct issue as to whether or not the premises described in the complaint were or were not a nuisance. The court found that "the carpet-beating and cleaning works, and the operation thereof, mentioned in the amended complaint, have always been and are a nuisance in the locality in which they have been and are maintained and operated, and in the neighborhood and the inhabitants thereabouts; that said carpet-beating and cleaning works have been and are a public nuisance and a menace to the health of the residents of the locality

in which the same have been and are constructed and operated, and the same, and also the dust and refuse emitted from said works, have been and are indecent and offensive to the senses of. the people thereabouts, and an obstruction to the free use of their property, homes and places of residence."

As this appeal is upon the judgment-roll, the above-quoted findings of the court are conclusive here, and must be deemed to be supported by the evidence. It is provided in section 3494 of the Civil Code "that a public nuisance may be abated by any public body or officer authorized thereto by law." It thus appearing that the premises and business described in the complaint are a public nuisance, and that the public officials, defendants in this action, are about to do an act which they are authorized to do by the section of the code above quoted, it follows that the question as to whether or not the ordinance was a valid ordinance becomes immaterial. We do not mean to intimate that any public official may, of his own volition, without any order of court, tear down or destroy a building because he believes it to be a nuisance. The prayer of the complaint is that defendants be enjoined and restrained from proceeding against, or interfering with, plaintiff in the operation of said works. The judgment in such case, being for defendants, has only the effect of denying the injunction prayed for. We must presume that the defendants will proceed according to law.

The judgment is affirmed.

Cooper, P. J., and Hall, J., concurred.