[S. F. No. 4920.  Department One.—March 8, 1909.]

## VARNEY & GREEN (a Corporation), Appellant, v. AMOS O. WILLIAMS, Town Marshal of the Town of East San Jose, et al., Respondents.

MUNICIPAL CORPORATIONS—ORDINANCE PROHIBITING BILL-BOARD FOR ADVERTISEMENTS—PUBLIC NUISANCE—RELIEF IN EQUITY.—If bill-boards, erected and maintained in a municipality contrary to the provisions of a municipal ordinance, constitute a public nuisance, a court of equity will refuse any relief designed to perpetuate their maintenance, regardless of the validity of the ordinance.

ID.—ABSOLUTE PROHIBITION OF BILL-BOARDS—POLICE POWER—DAMAGING OF PROPERTY.—A municipal ordinance which undertakes to absolutely forbid the erection or maintenance of any bill-board for advertising purposes is not a lawful exercise of the police power, and is an unwarranted restriction of the owner of property to use it in an ordinary and beneficial way.  Such restriction is, if not a taking *pro tanto* of the property, a damaging thereof, for which, under section 14 of article I of the constitution, the owner is entitled to compensation.

ID.—OFFENSIVENESS TO SIGHT.—The fact that such bill-boards are or may be offensive to the sight of persons of a refined taste does not justify such restriction to the use of property.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial.  J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Heller, Powers & Ehrman, for Appellant.

Jackson Hatch, for Respondents.

SLOSS, J.—The plaintiff, a corporation engaged in the business of posting bills, painting advertising signs, and conducting a general advertising business, brought this action to enjoin the municipal authorities of the town of East San Jose from tearing down certain bill-boards maintained by plaintiff in said town.  The defendants based their contemplated action upon the provisions of an ordinance passed by the town trustees.  Section 1 of this ordinance provides: "That every per-

son who, within the corporate limits of the town of East San Jose, shall erect or maintain or cause to be erected or maintained, any bill-board, sign board or other structure for the purpose of painting or otherwise delineating or picturing or displaying thereon or thereby any advertisement of any goods, wares or merchandise whatsoever shall be guilty of a misdemeanor and shall be punishable by a fine not exceeding two hundred dollars, or by imprisonment not exceeding two months or by both such fine and imprisonment." Section 2 makes it the duty of the marshal in the event of the erection or maintenance of a bill-board in violation of section 1, to remove such board, after notice to the offender. By section 3, the preceding sections are not to apply to any person having a fixed place of business in the town of East San Jose, "who shall erect or maintain any advertisement sign on the premises where his said business is carried on . . . provided that such advertisement sign shall advertise only goods, wares and merchandise for sale by him at his said place of business."

The court finds that plaintiff is maintaining, within the corporate limits of East San Jose, three bill-boards for advertising. These boards were constructed and are maintained with the consent of the owners of the property on which they are located; they are substantially constructed, and not liable to be blown down except in case of extraordinarily high winds. It is found that each of said boards is "offensive to the senses and an obstruction to the free use of property," and that "since their construction, and during their maintenance, they have been, and they are still, a public nuisance." Judgment was entered in favor of defendants. Plaintiff appeals from the judgment and from an order denying its motion for a new trial.

If the bill-boards constituted a public nuisance, a court of equity would refuse any writ designed to perpetuate their maintenance, regardless of the validity of the ordinance under which defendants assume to proceed. (*McQueen* v. *Phelan*, 4 Cal. App. 695, [88 Pac. 1099].) But the finding that the boards did constitute a nuisance is attacked as contrary to the evidence. It is not contended by respondents that any nuisance in fact existed, unless it resulted from the mere circumstance that structures were maintained contrary to the terms of the ordinance. The single question for decision, therefore,

is whether the enactment of this ordinance was within the legislative power of the town of East San Jose.

Except for the limited exemption conferred by section 3, the effect of the ordinance is to absolutely prohibit the erection or maintenance of bill-boards for advertising purposes. There is no attempt to restrict the operation of the enactment to bill-boards that may be insecure or otherwise dangerous, or to advertising that may be indecent. The town trustees have undertaken to make criminal the maintenance of any bill-board, however securely it may be built, and however unobjectionable may be the advertising matter displayed upon it. Such prohibition, involving a very substantial interference with the rights of property, can be justified, if at all, only to the extent that the subject-matter of the legislation is embraced within the police power of the state. Bearing in mind that the ordinance does not purport to have any relation to the protection of passers-by from injury by reason of unsafe structures, to the diminution of hazard of fire, or to the prevention of immoral displays, we find that the one ground upon which the town council may be thought to have acted is that the appearance of bill-boards is, or may be, offensive to the sight of persons of refined taste. That the promotion of æsthetic or artistic considerations is a proper object of governmental care will probably not be disputed. But, so far as we are advised, it has never been held that these considerations alone will justify, as an exercise of the police power, a radical restriction of the right of an owner of property to use his property in an ordinary and beneficial way. Such restriction is, if not a taking, *pro tanto,* of the property, a damaging thereof, for which, under section 14 of article I, of the constitution, the owner is entitled to compensation. To this extent the authorities are all in accord. "No case has been cited," says the court of errors and appeals of New Jersey in *City of Passaic* v. *Paterson etc. Co.,* 72 N. J. L. 285, [111 Am. St. Rep. 676, 62 Atl. 267], "nor are we aware of any case which holds that a man may be deprived of his property because his tastes are not those of his neighbors. Æsthetic considerations are a matter of luxury and indulgence rather than of necessity, and it is necessity alone which justifies the exercise of the police power to take private property without compensation." In *Commonwealth* v. *Boston*

*Advertising Co.*, 188 Mass. 346, [108 Am. St. Rep. 494, 74 N. E. 601], an enactment forbidding the maintenance of business signs so near a parkway as to be plainly visible to the naked eye of persons in the parkway, was held to be invalid as amounting to a taking of property for a public use without compensation. To the same effect are *Bryan* v. *City of Chester*, 212 Pa. 259, [108 Am. St. Rep. 870, 61 Atl. 894], and *People* v. *Green*, 85 App. Div. 400, [83 N. Y. Supp. 460]. Analogous, in principle, is the case of *City of St. Louis* v. *Hill*, 116 Mo. 527, [22 S. W. 861], in which the court declared invalid a statute authorizing cities to establish along boulevards a building line to which all structures must conform. (See, also, *City of Chicago* v. *Gunning System*, 214 Ill. 628, [73 N. E. 1035].)

In most or all of the cases dealing with prohibitions of the right to erect or maintain bill-boards, it is recognized that the legislature may, under the police power, prohibit advertisements of indecent or immoral tendencies, or signs dangerous to the physical safety of the persons or property of the public. Ordinances limiting the height of bill-boards have been sustained as having a tendency to protect passers-by from physical injury. (*City of Rochester* v. *West*, 164 N. Y. 510, [79 Am. St. Rep. 659, 58 N. E. 673]; *Gunning System* v. *City of Buffalo*, 75 App. Div. 31, [77 N. Y. Supp. 987]; *Whitmier etc. Co.* v. *City of Buffalo*, 118 Fed. 773; *In re Wilshire*, 103 Fed. 620.) On the other hand, ordinances requiring every bill-board to be constructed not less than ten feet from the street line (*City of Passaic* v. *Paterson etc. Co.*, 72 N. J. L. 285, [111 Am. St. Rep. 676, 62 Atl. 267], or at a distance from the street exceeding by at least five feet the height of the bill-board (*Crawford* v. *City of Topeka*, 51 Kan. 756, [37 Am. St. Rep. 323, 33 Pac. 476]) have been held to be unreasonable restrictions upon individual rights, and invalid. We are not here, however, concerned with the extent to which the legislative power may, in the effort to protect the public safety or morals, regulate the manner of erecting or using bill-boards. The ordinance in question does not attempt such regulation, but undertakes to absolutely forbid the erection or maintenance of any bill-board for advertising purposes. We have no doubt that this sweeping prohibition was beyond the power of the town trustees.

The judgment and the order appealed from are reversed.

Angellotti, J., and Shaw, J., concurred.