Anderson v. Shackleford—Syllabus.

---

G. L. ANDERSON, *Plaintiff in Error*, v. W. J. SHACKLE-FORD, AS MARSHAL OF LAKE CITY, FLORIDA, *Defendant in Error*.

## Opinion Filed July 2, 1917.

1. A clause in the charter of a city vesting power in the mayor to decide upon the guilt or innocence of one accused of violating a city ordinance and to fix by penalty the sentence prescribed and to enforce the same, vests in the mayor power to order the defendant to be committed until a fine imposed be paid.

2. In order to obtain from this court a review of the evidence submitted in the trial of an action at law the evidence should be incorporated in a bill of exceptions duly signed as required by statute. A stipulation between counsel cannot take the place of a bill of exceptions.

3. An ordinance of a city regulating the erection and maintenance of Bill Boards construed not to forbid the painting of signs upon the walls of buildings advertising the legitimate business of the owner or occupant of the building.

4. A municipality has no power to prohibit by ordinance the use of building surfaces for painting thereon signs or advertisements which are neither lewd, vulgar nor obscene.

5. The power of a municipality to regulate Bill Boards is included in the power to abate nuisances, but cannot be exercised to the extent of depriving one of the legitimate use of his property merely because such use offends the aesthetic tastes of other people in the community.

Writ of Error to Circuit Court for Columbia County, M. F. Horne, Judge.

Judgment reversed.

*R. T. Boozer*, for Plaintiff in Error;

*G. O. Palmer*, for Defendant in Error.

ELLIS, J.—The plaintiff in error was arrested upon a warrant issued by the City Clerk of the City of Lake City charging him with painting and constructing a sign on a building located at the corner of Marion and Washington streets in said city on January 15, 1917. The plaintiff in error, hereinafter called the defendant was tried upon the warrant before the mayor of the

city, found guilty of the offense charged, and sentenced to pay a fine. There was no alternative jail sentence. The defendant refused to pay the fine, was taken into custody by the marshal of the city, and thereupon filed before the Judge of the Circuit Court for Columbia County a petition for a writ of *habeas corpus* and asked to be discharged from the custody of the marshal. Copies of the warrant, affidavit, ordinance of the city and judgment of the mayor were attached to the petition. The writ of *habeas corpus* was issued and the marshal made his return setting up that he detained the defendant under "a warrant of arrest issued out of the mayor's court of said city and a conviction and judgment of the said mayor under Ordinance No. 245" and embodied therein a copy of the judgment of the mayor.

The defendant disclaimed his right to a discharge because of the form of the judgment against him in the mayor's court, so the judgment entered by the Circuit Court recites. Upon the hearing the Circuit Judge remanded the defendant to the custody of the marshal. The case is here upon writ of error.

The marshal's return affirmatively shows that he holds the defendant in custody under a judgment of the mayor imposing a fine. There is no evidence or showing in the record of the existence of an ordinance requiring the marshal to detain one in his custody who fails to pay a fine lawfully imposed upon him for the violation of a city ordinance; nor is there any pretense that the defendant is held under any commitment or capias issued by the mayor or under any sentence of imprisonment in default of the payment of the fine. The power of the municipal court to commit a person convicted before it if he does not forthwith pay the fine and costs assessed against him is conferred upon the mayor by

the city charter which in defining the powers of the mayor provides that he shall have power "to decide upon the guilt or innocence of the accused and to fix by penalty the sentence prescribed by ordinance and to enforce the same." See Ex parte Peacock, 25 Fla. 478, 6 South. Rep. 473. It was within the discretion of the mayor to have ordered the imprisonment of the defendant until the fine was paid. Such discretion is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court. See 19 Cyc. 551; Ex parte Bryant, 24 Fla. 278, 4 South. Rep. 854. It appears from this record therefore that the detention of the defendant in the custody of the marshal of the city is unlawful even though it be assumed that the act of the defendant in painting the sign constituted a violation of the ordinance.

Ordinarily this court would not consider the remaining question, deeming it to be unnecessary to a determination of the case, but treating the failure of the defendant to raise the question of the marshal's authority under the judgment to detain him in custody as a waiver of the point we will consider the question of the mayor's authority under the ordinance mentioned to impose a fine upon the defendant for the act committed. There seems to be no dispute between the parties as to the facts, although they are not evidenced to us by a bill of exceptions. We have held that a stipulation between counsel cannot take the place of a bill of exceptions. See Malley v. Ingersoll & Watlington, 14 Fla. 200. A judgment of the Circuit Court will not be reversed merely on a statement of counsel. The affidavit upon which the warrant was issued against the defendant alleged that he did "paint and construct a sign on a building located at corner of Marion and

Washington streets in the City of Lake City, Florida,"
etc.  The return of the marshal to the writ of *habeas
corpus* avers that the warrant which issued against the
defendant out of the mayor's court and the conviction
and judgment were proceedings under Ordinance No.
245.  A copy of that ordinance is attached to the peti-
tion.  Its title is as follows:  "An Ordinance providing
for and regulating the erection and maintenance of bill
boards and other advertising surfaces and declaring cer-
tain bill boards to be nuisances and providing penalties
for violations of the provisions hereof."  Section 2 de-
clares the use of "all walls or surfaces" in displaying ad-
vertising matter to be a nuisance except when "erected
and maintained and used in accordance with the provis-
ions of the ordinance;" section 3 provides that the word
"billboard" shall be deemed to mean any building used
for the purpose of displaying thereon advertising mat-
ter whether the building was primarily erected for such
purpose or not; section 4 prohibits any person from
maintaining in the city "any billboard more than six feet
high or within ten feet of the sidewalk without permis-
sion of the city council granted in each specific case; sec-
tion 5 prohibits the use of any "wall, building or other
structure" within the city as a "billboard" without per-
mission of the city council, etc.; section 6 prohibits the
printing of any "lewd, vulgar or obscene signs or adver-
tisements" upon any billboard, etc.; sections 7 and 8 re-
late to the maintenance of billboards, requiring the per-
son owning or managing it to keep the premises free of
trash or other debris; section 9 requires that any person
desiring to erect a "billboard" more than "six feet high
or ten feet to the nearest adjacent street or use any fence,
wall or building" for such purpose to apply to the city
council for a permit; section 10 provides that the council

shall have power to require the owner or manager of any billboard "sought to be maintained contrary to the provisions" of the ordinance to remove the same; that the council shall have power to prevent the erection of any billboard contrary to the ordinance and to "remove as a nuisance any billboard sought to be erected or to be maintained in violation of the provisions" of the ordinance; section 11 provides that any person violating the provisions of the ordinance shall be fined by the "mayor not less than five dollars nor more than one hundred dollars, or imprisoned in the city jail not less than five days, nor more than thirty days, or both such fine and imprisonment at the discretion of the mayor for each said offense;" section 12 provides that the ordinance shall take effect upon its approval by the mayor or its becoming a law without his approval, and section 13 repeals all ordinances in conflict with its provisions. The warrant does not charge that the sign painted by the defendant was a "lewd, vulgar or obscene bill or sign," nor that the use of the building as a billboard was without permission of the council, nor that the defendant was the "owner or manager" of the building upon which the sign was painted, nor that the painting of the sign rendered the premises unsafe or unsanitary and caused the accumulation of trash or debris thereon, nor that the sign was an obstruction to the street or rendered the place dangerous to pedestrians passing that way. From anything appearing to the contrary the case was one in which the owner or manager of a building situated in the city employed the defendant to paint thereon a sign advertising a legitimate business of the proprietor or occupant; that the sign consisted of painting words or designs on the wall of a building occupied as a business house; that the sign was neither dangerous to persons

using the streets nor to adjacent property, nor offensive to their morals, although the words, design and coloring of the siign might offend the aesthetic tastes of some of the citizens.

In the first place we think that the affidavit wholly failed to charge the defendant with the violation of any provision of the ordinance. In the second place the ordinance cannot be construed as prohibiting the use of building surfaces for the painting thereon of signs or advertisements which are neither lewd, vulgar nor obscene, because such a prohibition would be beyond the power of the municipality to prescribe. See Varney & Green v. Williams ,155 Cal. 318, 100 Pac. Rep. 867, 21 L. R. A. (N. S.) 741; Commonwealth v. Boston Advertising Co., 188 Mass. 348, 74 N. E. Rep. 601, 69 L. R. A. 817; Yates v. Milwaukee, 10 Wall. (U. S.) 497; Bill Posting Sign Co. v. Atlantic City, 71 N. J. L. 72, 58 Atl. Rep. 342; City of Chicago v. Gunning System, 214 Ill. 628, 73 N. E. Rep. 1035, 70 L. R. A. 230; Bostock v. Sams, 95 Md. 400, 52 Atl. Rep. 665, 59 L. R. A. 282.

It is a fundamental and universal rule that any ambiguity or doubt as to the extent of a power attempted to be exercised by a municipality out of the usual range, or which may affect the common law right of a citizen or inhabitant should be resolved against the municipality. 1 Dillon on Municipal Corp. (4th ed.) Sec. 91. The case of Cusack Company v. City of Chicago, U. S. Adv. Opinions, 1916, p. 190, is not in point because the case deals with an ordinance prohibiting the erection of a billboard or sign board under certain conditions as constituting a nuisance and menace to the peace of the city in that "offensive and unsanitary accumulations are habitually found about them, and they afford a convenient concealment and shield for immoral practices and

for loiterers and criminals." This criticism of course cannot be made of the wall of a building used as a business place on which an advertisement has been painted. The power to regulate billboards is included in the power to abate nuisances. See 21 Am. & Eng. Ency. Law, 683; Laugel v. City of Bushnell, 197 Ill. 20, 63 N. E. Rep. 1086, 58 L. R. A. 266; 1 Dillon on Municipal Corp., Sec. 379. The municipality can exercise only such power as is granted to it in express terms or necessarily or fairly implied in or incident to the powers expressly granted or those that are indispensable to accomplish the objects and purposes of the corporation. State ex rel. Worley v. Lewis, 55 Fla. 570, 46 South. Rep. 630; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834. In so far as the city undertakes to regulate the erection or construction of billboards that might be dangerous to the public by falling or being blown down, or constructed of such material and in such manner as to endanger life or property, or to increase the danger of loss by fire, or to have printed or displayed upon them obscene characters and words tending to injure and offend public morals, it has the power; but to attempt to exercise the power depriving one of the legitimate use of his property merely because such use offends the aesthetic or refined taste of other persons is quite another thing and cannot be exercised under the constitution forbidding the taking of property for a public use without compensation. See Crawford v. City of Topeka, 51 Kan. 756, 33 Pac. Rep. 476, 20 L. R. A. 692.

The judgment of the court remanding the defendant to the custody of the marshal is reversed with directions to discharge the prisoner.

BROWNE, C. J., AND TAYLOR AND SHACKLEFORD, J. J., concur.

WHITFIELD, J., absent on account of sickness.