CITY OF DELAND, a Municipal Corporation Organized and Existing Under the Laws of the State of Florida, E. W. BROWN, as Commissioner at Large of the City of DeLand, WALTER O. LAHRMAN, C. L. HEATH, and CLARKE HARPER, as Commissioners of the City of DeLand, H. P. FORD, as City Manager of the City of DeLand, NOEL B. MONTREVILLE, as City Auditor and Clerk of the City of DeLand, T. V. STONE, as Acting City Auditor and Clerk of the City of DeLand, and J. H. STONE, City Treasurer of the City of DeLand, *Appellants*, v. F. G. MOORHEAD, JOHN CRANOR, and C. W. BOARD, in Their Own Right and in Behalf of All Other Tax Payers in the City of DeLand, *Appellees*.

Division B.

Opinion filed December 5, 1928.

738

D. C. *Hull* and *Hull, Landis* and *Whitehair*, for Appellants;

*Stewart* and *Stewart*, for Appellees.

Terrell, J.—Appellees brought this suit in the court below to restrain the City of DeLand from expending any of its funds for publicity purposes and to restrain the said city from expending any funds from its treasury for any purpose before the bill claim or demand therefor has been approved by the city commission of said city. A restraining order was granted as to both aspects of the prayer of the bill and appeal was taken from that order.

By its charter as now constructed, is the City of DeLand authorized to collect and disburse a tax for publicity purposes and can such funds or any other funds of said city be paid out of its treasury without the approval of bills therefor by the city commission, is the question presented here for our consideration.

The answer to these questions is determined by an examination of Chapter 8255, Acts of 1919, Laws of Florida, and Chapter 11466, Acts of 1925, Laws of Florida. Chapter 8255, Acts of 1919, was approved April 26, 1919, and

authorized the City of DeLand to levy and collect a tax of not exceeding two mills on the dollar of all taxable property in the city for publicity purposes. Said Chapter 8255 became a part of the city charter of DeLand from the date of its passage and approval and was ample authority for the assessment and collection of a publicity tax. St. Petersburg v. English 54 Fla. 585, 45 So. R. 483. Chapter 11466, Acts of 1925, Laws of Florida, was approved November 30 of that year and purported to be a complete revision of the city charter of the City of DeLand, the title to said Act being as follows:

AN ACT to Abolish the Present Municipal Government of the City of DeLand, Volusia County, Florida, and to Organize, Incorporate and Establish a New City Government for the Same and to Provide for Its Jurisdiction and Powers.

Sec. 21 of Chap. 11466 in minute detail enumerates the powers vested by the Legislature in the City of DeLand but authority to assess and collect a publicity tax is not included therein. Other sections of the Act embrace inclusions and exclusions of old charter provisions but none of them appear to cover a tax for publicity purposes. We must therefore conclude that since Chap. 11466, Acts of 1925, Laws of Florida, was a complete revision of the charter of the City of DeLand and nothing was carried therein to authorize the collection of a publicity tax; all statutes on that subject were repealed and that there is now no authority for such a tax.

Under Sec. 8, Article VIII of the constitution, municipalities in this State can exercise only such powers and prerogatives as are conferred on them expressly or impliedly by legislative enactment. Ferguson v. McDonald 66 Fla. 494, 63 So. R. 916; Malone v. Quincy 66 Fla. 52,

62 So. R. 922; Anderson v. Shackleford 74 Fla. 36, 76 So. R. 343. Any doubt as to the alleged authority of a municipality to exercise any power should be resolved against its exercise.

On the question of whether or not moneys can lawfully be expended from the treasury of the City of DeLand without first securing the approval of claims or demands therefor by the city commission, we think that Sec. 45 of Chap. 11466 clearly requires that such approval be had. Aside from the legal aspect of the matter a wise public policy requires that the city commission approve all expenditures from its treasury.

For the reasons announced in this opinion the decree of the chancellor is affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.