PER CURIAM.
The petition for writ* of certiorari reflected apparent jurisdiction in this court largely because there appeared in the opinion of the District Court of Appeal, Third District, City of Daytona Beach v. Abdo, Fla.App., 112 So.2d 398, a discussion of the *541 decisions of this court relative to the propriety, relevancy and legality of aesthetic considerations in determining whether or not restrictions could be imposed on private property under the police power in the interest of the welfare of the whole people, The City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; Merritt v. Peters, Fla., 65 So.2d 861; Dade County v. Gould, Fla., 99 So.2d 236, and the positive statement in the opinion that by the ruling in the first of these this court receded from the decision in Anderson v. Shackleford, 74 Fla. 36, 76 So. 343, L.R.A. 1918A, 139.
Upon scrutiny, however, the court concludes that the apparent conflict will not justify the exercise of jurisdiction here because the principle in the three cases first cited was dependent so much upon the character of the territory affected. In other words, conflict would not necessarily arise unless the nature of the territory involved in those three cases was the same as that with which the court dealt in Anderson v. Shackleford, supra, and the area in the present case fell in the same category.
Whether or not the instant property is so situated as to justify interference with the ownership in order to preserve the aesthetics of the community probably depends on the testimony and evidence in the case.
The District Court of Appeal observed that genuine issues of fact had been presented by respondent’s assertion with reference to the economic dependency of the community upon tourism, and the damage to tourism, hence to the community, by the indiscriminate display of signs. The court concluded that upon the facts relevant to these issues would be determined the true relationship of restrictions to the general welfare.
We conclude that at this point in the litigation a decision of any possible conflict between Anderson v. Shackleford, supra, and the other cited cases, supra, would be premature,
So the writ of certiorari is discharged.
THOMAS, C. J., and TERRELL, ROBERTS, DREW and O’CONNELL, JJ.f concur.
TAYLOR and WILLIS, Circuit Judges, concur in conclusion.