### STATE v. J. L. WHITLOCK.

(Filed 16 December, 1908).

**Municipal Corporations — Ordinances — Aesthetic Considerations — Private Rights.**

It is not within the police power of a municipality to regulate the placing and height of billboards on the land of the owner, and a penalty prescribed and imposed upon the owner for violating the provisions of such ordinance of the city of Asheville, is not enforcible. (*Small v. Edenton,* 146 N. C., 527; *Tate v. Greensboro,* 114 N. C., 399, cited and distinguished).

ACTION tried before *Peebles, J.,* and a jury, April Term, 1908, of BUNCOMBE, on appeal from police court. From judgment rendered defendant appealed to the Supreme Court.

The defendant was charged before the police court of Asheville with a violation of the billboard ordinance of that city, as follows:

"Section 1. That all billboards now in use in the city of Asheville or which may hereafter be used in said city, shall be securely placed and kept at a distance of at least two feet more than the height of said billboard from the outer edge of the sidewalk of the street.

"Section 2. That any bill poster or owner of any billboard in the city of Asheville, who shall place any billboard, or allow any billboard to remain nearer the edge of the sidewalk than the distance prescribed in section 1 of this ordinance, shall be fined $5 for each day the said billboard is allowed to remain."

STATE *v.* WHITLOCK.

*Assistant Attorney-General Hayden Clement* for State.
*Craig, Martin & Winston* for defendant.

BROWN, J.    Without going into that feature of the case,
we are of opinion that the charter of the city of Asheville
confers ample power upon the municipal authorities to regu-
late generally the construction and use of billboards within
its limits.    And it follows, that unless the ordinance in ques-
tion is an unreasonable and unnecessary restriction of the
right of the land owner to erect structures upon his land, it
must be sustained as a proper exercise of the police power of
the State.

Aesthetic considerations will not warrant its adoption, but
those only which have for their object the safety and welfare
of the community.    It is conceded to be a fundamental prin-
ciple under our system of government that the State may
require the individual to so manage and use his property that
the public health and safety are best conserved.    It is to
restrict the owner in those uses of his property which he may
have as a matter of natural right, and make them conform
to the safety and welfare of established society, that the po-
lice power of the State is invoked.

While this is true, yet it is fundamental law that the
owner of land has the right to erect such structures upon it
as he may see fit, and put his property to any use which may
suit his pleasure, provided that in so doing he does not im-
peril or threaten harm to others.    Tiedman Lim., 439.

All statutory restrictions of the use of property are im-
posed upon the theory that they are *necessary* for the safety,
health or comfort of the public, but a limitation which is
unnecessary and unreasonable cannot be enforced.    Although
the police power is a broad one, it is not without its limita-
tions, and a *secure* structure upon private property, and one
which is not *per se* an infringement upon the public safety,
and is not a nuisance, cannot be made one by legislative fiat

and then prohibited. *Yates v. Milwaukee,* 10 Wall., 497; 1 Dillon Mun. Corp., 374.

It is undoubtedly within the power of the corporate authorities of the city of Asheville to prohibit the erection of *insecure* billboards or other structures along the edge of the public streets, or so near as to be a menace, to require the owners to maintain all structures so located in a *secure* condition, and to provide for inspection and removal at the owner's expense, if condemned as dangerous. The city authorities may also adopt regulations as to the manner of construction of billboards, so as to insure safety to the passers by, but the prohibition of structures upon the lot line, however safe they may be, is an unwarranted invasion of private right, and is so held to be by all the courts which have passed upon the precise question, as we are now advised.

In the case of the *City of Passaic v. Patterson Bill Posting Co.,* it is held that a city ordinance requiring that signs or billboards shall be constructed not less than ten feet from the street line is a regulation not reasonably necessary for the public safety, and cannot be justified as an exercise of the police power. 72 N. J. Law, 285. In support of the decision is cited *Crawford v. Topeka,* 51 Kan., 756, and *Commonwealth v. Boston Advertising Co.,* 188 Mass., 348, cases directly in point. In that case the New Jersey Court says: "The very fact that this ordinance is directed against signs and billboards only and not against fences, indicates that some consideration other than the public safety led to its passage."

The Court attributes the adoption of the ordinance to aesthetic considerations, rather than to an exclusive regard for the public safety, and says: "Aesthetic considerations are a matter of luxury and indulgence rather than of necessity, and it is necessity alone which justifies the exercise of the police power to take private property without compensa-

tion." See, also, *People v. Green,* 83 N. Y. Supp., 460; *Bill Posting Co. v. Atlantic City,* 71 N. J. Law, 73.

The ordinances considered by the Kansas, New Jersey and Massachusetts Courts are perhaps more clearly identical to the one in question than in any other cases reported, but the same principles of law concerning the constitutionality of such ordinances are stated with force in *Chicago v. Gunning System,* 214 Ill., 628; 70 L. R. A., 230, as well as in *Lilts v. Kessler,* 54 Ohio St., 73; *Bostock v. Sams,* 95 Md., 400; *Bryan v. Chester,* 212 Pa., 259; *Koblegard v. Hale,* 53 S. E., 793.

In *Bryan v. Chester, supra,* the Supreme Court of Pennsylvania says, at p. 262: "It is doubtless within the power of the city to prohibit the erection of *insecure* billboards or other structures, require the owners to maintain them in a secure condition and to provide for their removal at the expense of the owners in case they become dangerous. Perhaps regulations may be made with reference to the manner of construction so as to insure safety, but the prohibition of the erection of structures upon the lot line, however safe they might be, would be an unwarranted invasion of private right."

There is nothing in the case of *Rochester v. West,* 164 N. Y., 510, relied on by the State, which conflicts with this view, as in that case the power of the city to regulate the height of billboards was the only question considered.

This precise question has not been presented to this Court before. The case differs from the cases of *Small v. Edenton,* 146 N. C., 527, and *Tate v. Greensboro,* 114 N. C., 399, because in both of those cases the regulation dealt with objects located on public property, awnings on sidewalks in one case, and trees growing on land dedicated to the city for a public street, in the other. An application, however, of the principles recognized in those cases to the one in question, tends strongly to support the contention that the ordinance under

149—35

consideration is invalid as an unnecessary restriction of private right.

The motion to quash should have been allowed.

Reversed.