O’Connell, J.
These causes come into this court on error to the judgment of-the police court of Cincinnati. The plaintiffs in error were fined for the violation of certain of the items of the building ordinance of Cincinnati appertaining to the construction and maintenance and repair of bill boards.
Counsel for the city and for the plaintiffs have submitted briefs showing great care and painstaking research into the decisions governing this subject of bill boards.
There are apparently conflicts in these decisions, but these conflicts are in large measure due to the interpretation of the word “reasonable” which is given by the different courts in construing the manner and mode of the construction of' bill boards.
' It is conceded that the power and authority of council to regulate bill -boards as well as other structures falls under what is known -as the police power of the state; that power which inheres in every community to converse its safety and welfare.
The Supreme Court of the United States has decided that the question of a proper and reasonable regulation or ordinance passed by a municipal council as being a proper exercise of the police power is a question to be decided by the courts.
In Yates v. Milwaukee, 10 Wallace, 497, we find the following at page 505:
“But the mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration malee It a nuisance unless it in fact had that character. It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or the state within which a given structure can he shown to he a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city at the uncontrolled will of the temporary local authorities.”
In the case of In re Wilshire, 103 Fed. Rep., 620, at page 622, we find the following language:
“Laws enacted in, the exercise of the police power, however, whether by a municipal corporation acting in pursuance of the *468 laws of a state, or by a state itself, must be reasonable, and are always subject to the provisions of both the federal and the state constitutions and they are always subject to judicial scrutiny.’’
The general trend of decisions in matters of this kind as shown in a decision which covers a number of items of the section of the ordinance under consideration, is very well expressed in the following language from the Supreme Court of North Carolina, as given in State v. Whitlock, 63 S. E. Rep., 123:
‘ ‘ It is undoubtedly within the power of the corporate authorities of the city of Ashville to prohibit the erection of insecure bill boards or other structures along the edge of public streets or so near as to be a menace, to require the owners to maintain all structures' so located in a secure condition, and to provide for inspection and removal at the owner’s expense, if condemned as dangerous. The city authorities may also adopt regulations as to the manner of construction of bill boards so as to insure safety to the passers-by; but the prohibition of structures upon the lot line, however safe they may be, is an unwarrantable invasion of a private right, and is so held to be by all the courts which have passed upon the precise question, as we are now advised.”
The municipal authorities of Cincinnati have this same right, but no greater right.
As bearing on this same attitude of the courts with reference to regulations -attempted under the police power, in the ease of Crawford v. Topeka, 51 Kansas, 756, at page 762, we find the following language with regard to certain portions of an ordinance regulating the construction of bill boards:
“All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity can not be enforced. In what way can the erection of a safe structure for advertising purposes, near the front of a lot, endanger public safety any more than a like structure for some other lawful purpose? Why does the posting or painting of an advertisement upon a secure wall or structure render it insecure? An owner may desire to use a structure or bill board for an inclosure of his lot, as well as for posting advertisements. In one instance that was the desire and purpose of the owner in this case. If the wall or inelosure was ten feet high, then under the ordinance the owner would be required to set it back fifteen feet *469 from the front of the lot. What reason is there for the surrender or loss of the use of that portion of the lot? Or why should the pasting of a piece of paper upon a secure inelosure make such a loss necessary? Although the police power is a broad one, it is not without limitations, and a -secure structure which is not an infringement upon the public safety, and is not a nuisance, can not be made one by legislative fiat, and then prohibited.”
While the city council has the undoubted right to pass ordinances regulating the construction and maintenance of bill boards whether erected upon public or private property, yet such legislation must be prospective in character and can not be retroactive. This has been decided by the federal courts- in which such actions have been litigated.
In Whitmier v. Buffalo, 118 Fed. Rep., 773, at page 776, we find the following language:
“The enactment prohibiting the erection of fences and bill boards more than seven feet in height is not unreasonable. # # * The complainant asserts, and it is not controverted, that many of the bill boards now sought by the defendant to be removed were located on private property prior to the enactment of the ordinance. The existing law -declaring bill boards more than seven feet in height as- a common nuisance does not apply to such bill boards or signs. * * * Such structures are not per se illegal by reason of this ordinance, which has been declared valid. The ordinance can not be retroactive. ’ ’
The decisions -cited by the city solicitor wherein ordinances of an apparently retroactive nature were upheld, are found on examination to refer to dwellings and factories wherein further sanitary appliances, fire escapes, etc., were ordered.
Although an owner might have complied with an existing ordinance, yet courts have upheld the compulsory installation of further betterments and .fire escapes under later ordinances when such were found to be essential to the safety and well being of the occupants of the buildings. The facts in such eases are not comparable with the erection of bill boards in and about vacant lots. Such decisions, therefore, are hardly applicable to the case at bar. Hence, any attempt to interfere with existing bill boards except to make them safe and secure would be illegal, provided they complied with the ordinances in force at the time of their erection.
*470 Counsel for plaintiff in error object to the following items of Section 7 of the building code as being unreasonable, an unwarranted interference with private property, and therefore illegal and void. They are the items which have been violated by the plaintiffs in error and because of which violation their arrests followed.
“.Section?. Signs and bill boards.
“ (a) Signs and bill boards or any device in the nature of an advertisement, announcement or direction when constructed of wood, shall not be erected over two feet in height.
‘ ‘ (b) All signs and bill boards constructed in the fire limits, more than two (2) feet in height on any building or separately, shall be constructed entirely of metal, including the' upright supports and braces of the same.
“(e) No signs or bill boards erected upon uprights or any-other supports extending into the ground shall be at any point more than twelve (12) feet above the surface of the ground, and shall be properly supported and braced.
“ (d) Bill boards shall have at least twenty-four (24) inches of open space in height between the ground and the bill board.
“(e) There shall be an open space of six (6) -feet between each bill board and any adjoining structure two (2) feet between any two bill boards.
“ (f) There shall be an open space of not less than two (2) feet between any two bill boards.
- “(g) No bill board shall exceed five hundred (500) square feet in area.
“(h) No bill board shall be nearer to the lot line on any streets than the house line adjoining the same. -
“ (i) In no ease shall any bill board be less than fifteen (15) feet from such street line.
“ (j) "Where new buildings are erected, present bill boards shall be set 'back to such house line of adjoining lot.
“ (o) Fences of wood not used for advertising .purposes shall not be more than ten (10) feet in height, and shall not be used for advertising purposes.
“(r) The foregoing paragraphs of this section shall apply to existing bill boards. ’ ’
Upon the precise question of bill boards there are very few decisions in Ohio. In the case of Cleveland v. Bryan, 8 N. P., 552, certain features which are incorporated in the present Cincinnati'ordinance were held to be unconstitutional and void.
*471 Syllabus 2 of that decision is as follows:
"Such ordinance forbidding the construction of the bill board at a greater height than two feet above the level of the adjoining street and of no greater height than ten feet, and not to be at a less distance than 15 feet bach of the/building line of any building or buildings adjoining thereto, is a deprivation of the use of property, and is unconstitutional and void. ’ ’
These features correspond with items of the present ordinance. Such items have been held unreasonable and void by courts in other states. This court should follow such rulings.
Item “o” of the present ordinance provides that "fences of wood not used for advertising purposes shall not be more than ten feet in height and shall not be used for advertising purposes.”
It is difficult to see wherein a fence with a sign painted thereon is more of a menace to the public safety than is a fence without such .advertisement. And yet if an advertisement is to be painted thereon, such fence (under item “a”) must be reduced in height to two feet. Such discrimination seems unreasonable.
Furthermore, item "a” provides that "signs and bill boards or any device in the nature of an advertisement, announcement or direction, when constructed of wood shall not be erected over two feet in height.”
This in terms would apply to the signs erected by either public authority or by the various automobile or bicycle clubs at the intersection of streets in the different suburbs wherein "announcement” of the names of the streets or "directions” and distances to certain villages are given. Manifestly it would be unreasonable to require such when of wood to be no more than two feet in height above the ground. What measure of safety is enhanced by such regulation? And yet that is what this item decrees when it says that "signs” or "any device” "in the nature of direction” "when constructed of wood, shall not be erected over two feet in height.”
Item "b,” however, is clearly reasonable and within the power of council to pass.' It is as follows:
*472 “(b) All signs and bill boards constructed in the fire limits, more than two (2) feet in height on any building or separately, shall be constructed entirely of metal, including the upright supports and braces of the same.”
But no reason appears why fences similarly located should not also be of metal. The reason applicable to one should be applicable to the other, if the object is to afford fire protection. Item “f, ” too, seems reasonable in providing a space between separate bill boards for ready access by the police or fire department to locations behind the bill boards which a long unbroken bill board or fence would prevent.
If the owner of a lot can place a fence on his street line, regardless of the position of the house on the adjoining lot, there seems no valid reason why he can not erect a bill board of approved construction on the same place; hence item “h” seems unreasonable.
Indeed the Supreme Court of Ohio has in terms so held in the case of Letts v. Kessler, 54 O. S., 73, to-wit, that one-may build his fences where he wills, regardless of the feelings of his neighbor.
To be sure this ordinance is passed under the exercise of .the police power of the state, yet this item “h” has in contemplation some advantage to adjoining property in that no bill board can be built in front of the house on such adjoining property no matter how far back on the lot such adjoining house may stand. Herein he is compelled to build his fence where his neighbor dictates. An ordinance depriving any man of the unrestricted use of his property for the benefit of his neighbor Is unconstitutional and void.
In the case of In re Wilshire, 103 Fed. Rep., 620, at page 624 we find the following language in construing the “reasonableness” of an ordinance limiting the height of bill boards to six feet:
“The matter before the court is, therefore, narrowed to the mere question whether the maximum height to which such structures are permitted by this ordinance to be erected, to-wit, six feet, is so unreasonably low as to amount to an invasion of the petitioner’s constitutional right to use and enjoy his private *473 property as he chooses. It must be admitted that the limit prescribed approaches very closely, if it does not reach, the point of unreasonableness. But between the line above which the height prescribed would be obviously reasonable and below which it would be obviously unreasonable, there is a range concerning which reasonable and fair-minded men may well differ. The action of the municipal authorities exercised within that range, ought not, in my opinion, to be interfered with by the courts. ’ ’
The court then quotes an extract from a decision by Judge Rhodes of the Superior Court of Santa Clara County, California, wherein that court declined to declare unreasonable an ordinance fixing the height at ten feet. But the court says that if the height were fixed at two feet it would be unreasonable.
It will be remembered in this connection that item “a” of the Cincinnati ordinance fixes this maximum height at such unreasonable height of two feet.
For the reasons given, therefore, the council has not the right to regulate any existing bill boards except such as are out of repair and a menace to public safety, when such bilí boards violated no ordinance at the time they were erected. It may prescribe such rules for the erection of future bill boards as are reasonable and do not unwarrantedly interfere with the rights of private property and such as are of general application to all kindred subjects; that is, not making one rule for a bill board and another for a fence which is in all respects of like character with the bill board. All laws upon the same subject-matter must be of uniform application.
There being no decisions from our own Supreme Court, the quotations given in this opinion from the Supreme Courts of other states and from the federal courts must be taken as the guide for legislation on this subject.
For the reasons given, the judgments herein should be reversed.