G. W. CRAWFORD v. TOWN OF MARION and H. W. DYSART
ET AL., ALDERMEN THEREOF.

(Filed 20 December, 1910.)

1. Cities and Towns—Ordinance—Nuisance—Alleyway—Access to Property—Procedure.

The defendant town, by an ordinance criminal in its nature, declared plaintiff's alleyway a nuisance and dangerous to the public, and closed it up. Plaintiff brings his action for damages and mandamus and injunction, on the ground that he had been deprived of access to his property: *Held,* the action was not to enjoin the enforcement of the criminal law, but to determine and enforce plaintiff's property rights, leaving open to the defendant the right to prosecute him under the ordinance.

2. Cities and Towns—Streets—Adjoining Owner—Access—Injunction—Damages—Procedure.

The right of ingress and egress over one's own land to and from a public street is an incident to ownership and constitutes a property right; and an injunction will lie against a town to prevent its depriving an abutting owner to a street of access to his land, and may be joined in the same action with demand for damages.

3. Cities and Towns—Streets—Adjoining Owner — Access — Procedure.

It appears in this case that the plaintiff has been provided with a temporary entrance to his land, and a temporary order restraining the defendant from closing the one complained of is unnecessary and will not be granted. If it should be finally deter-

mined that the alleyway, the subject of the action, is dangerous to the public, or a nuisance, the court will consider the best means of abating or remedying it.

CIVIL action pending in the Superior Court of McDOWELL County, and heard at chambers on 28 October, 1910, before his Honor, *Webb, J.,* upon motion for a restraining order until the final hearing to prevent the defendants from closing up and obstructing an alleyway leading into plaintiff's property, whereby he has ingress and egress to the public street of the town of Marion. His Honor made this order:

"It appearing from said affidavits that questions of fact arise as to whether or not plaintiff has sustained or is now sustaining injury by reason of the closing up of said alleyway by the said town of Marion, and the court being of the opinion that a writ of mandamus should not be issued, nor restraining order be issued until such facts as arise upon the affidavits are passed upon by a jury, it is, therefore, ordered by the court that a writ of mandamus asked for by the plaintiff be not granted at this time, and that a request for restraining order be also refused at this time. It is further ordered by the court, that this cause be stated upon the trial docket of the Superior Court of McDowell County, to be tried at the next term of said court, or such action be taken as the judge presiding may think legal and advisable."

The plaintiff appealed.

*McCall & Lisenbee and W. T. Morgan for plaintiff.*
*Hudgins, Watson & Johnston for defendants.*

BROWN, J. It was contended upon the argument that this action cannot be maintained and should be dismissed, as its sole purpose is to prohibit by injunction the prosecution of the plaintiff under an ordinance of the town, criminal in its nature, and that the principle settled by the cases of *Wardens v. Comrs.,* 109 N. C., 21; *Cohen v. Comrs.,* 77 N. C., 2, and *Paul v. Washington,* 134 N. C., 379, applies.

We recognize and reaffirm the authority of those cases in holding that a court of equity will not enjoin the enforcement

of a criminal ordinance or statute, but will leave the party to make his defense at law when he is arrested and charged with the crime. But this action does not seek to enjoin the enforcement of the criminal law, as was the case in the cases cited. If the authorities charged with its enforcement think that plaintiff has violated the criminal law, they have the right to prosecute him in the criminal courts, notwithstanding the pendency of this action, which is brought solely for the purpose of determining and enforcing certain property rights of the plaintiff, and in this respect the case differs essentially from those cited.

The plaintiff alleges that he is the owner of a lot upon which is a hotel; that he left open a nine-foot alleyway leading from the rear of his lot and on his own land into the street; that it is the only means of ingress and egress he has, and that it has been in constant use for twenty years; that the defendants have wrongfully and unlawfully closed it up by building a cement sidewalk in front of it of such height and character that he cannot cross it with his vehicles, etc.

The defendants admit that they have closed up the alleyway by the sidewalk aforesaid, but aver that they did so because it was so situated as to be a nuisance and dangerous to the public; they aver that they have provided plaintiff with an entrance on the other side of his hotel and between that and an adjoining hotel, about four feet of which new entrance is on plaintiff's land.

The fact that the defendants enacted an ordinance prohibiting citizens generally from driving across this sidewalk at that and two other similar places does not take from plaintiff the right to test in a civil action his property rights and have removed the physical obstruction to their enjoyment, as well as to recover damages for their infraction.

The remedy by injunction is appropriate to the abutter in a proper case. It will lie to prevent the deprivation of his right of access (Elliott Roads and Streets, sec. 709; *Carter v. Chicago*, 57 Ill., 283; *Callaman v. Gilman*, 107 N. Y., 361), and may be joined in the same action with a demand for damages. *Ross v. Thompson*, 78 Ind., 99. The right of ingress and

egress over one's own land to the public streets and roads is an incident to ownership and constitutes a property right.

In *Metcalf v. Boston,* 158 Mass., 285, the Court, speaking of the rights of lot-owners abutting on the streets, says: "They have a right to make for themselves driveways to the wrought part of the street in any reasonable way which does not interfere with the use of the street by the public." The Supreme Court of Indiana treats the right of access as a property right and holds that an injunction will lie to protect it. *Ross v. Thompson,* 78 Ind., 91.

For these reasons, we think that the complaint does state a cause of action independent of any question concerning the administration of the criminal law. But inasmuch as it appears from the record that the plaintiff has been provided with at least a temporary entrance, a few feet of which is on his own land, we see no reason why a temporary restraining order is now necessary.

When the issues raised by the pleadings are passed upon and the rights of the plaintiff determined, an injunction may or may not be necessary; or in case the jury should find that the alleyway in question constituted a nuisance and was dangerous to the public, the court will consider the best means of abating or remedying it, as was done in *Hyatt v. Myers,* 73 N. C., 233, and *Hickory v. R. R.,* 143 N. C., 454. The order denying the temporary restraining order is

Affirmed.