STATE AND THE CITY OF ASHEVILLE v. STAPLES.

(Filed 20 December, 1911.)

1. Cities and Towns—Police Powers—Billboards—Discretion—Courts.

The courts will not interfere with the exercise of discretionary powers conferred upon municipal corporations for the public welfare unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion. *Small v. Edenton*, 146 N. C., 527, overruling *S. v. Higgs*, 126 N. C., 1014, cited and approved.

2. Same—Ordinances—Conflagrations—Health.

It is within the police powers of a municipality and a valid exercise of its discretionary power, to pass an ordinance, as a preventive against fires and in furtherance of the health of the town, requiring that "billboards or other similar structures used solely for the purpose of displaying posters or other public advertisements" shall not be nearer the ground than 24 inches, except where they are erected and maintained against a wall, and imposing a fine as a punishment for its violation. *S. v. Whitlock*, 149 N. C., 542, cited and distinguished.

APPEAL from *Lane, J.*, at August Term, 1911, of BUNCOMBE.

Criminal action tried on appeal from police court of the city of Asheville. It appeared that defendant was arrested, tried, and convicted on a warrant issued by the police judge of said city, and the testimony showed a violation by defendant of an ordinance of the city in terms as follows:

"SEC. 773. That no person, firm, or corporation shall erect or maintain within the city of Asheville any billboard or other similar structure used solely for the purpose of displaying posters or other public advertisements, the boards of which shall be nearer the ground than 24 inches, except where said billboards are erected and maintained against the wall of a building or other solid wall, and any person violating any of the provisions of this section shall, upon conviction, be subject to a penalty of $25 for each and every such offense."

In the Superior Court, on motion, there was judgment questioning the warrant which was based on and recited the ordinance, and the State excepted and appealed.

*Attorney-General T. W. Bickett and G. L. Jones, Assistant Attorney-General, and J. F. Glenn for the State.*
*Craig, Martin & Thomason for defendant.*

HOKE, J., after stating the case: It is well recognized in this State that "courts will not interfere with the exercise of discretionary powers conferred upon municipal corporations for the public welfare unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion." *Rosenthal v. Goldsboro,* 149 N. C., 128; *Tate v. Greensboro,* 114 N. C., 392.

There was some limitation placed on the principle in the case of *S. v. Higgs,* 126 N. C., 1014, but that case was expressly overruled in *Small v. Edenton,* 146 N. C., 527, and the opinion of the present *Chief Justice,* in *Small's case,* is in full approval of the position as it had formerly prevailed. The charter of the city of Asheville confers ample power to pass an ordinance of the general character in question. *S. v. Whitlock,* 149 N. C., 542.

And in the learned and well-considered brief of the counsel for the city it is suggested, in support of the ordinance in question here, that the same is reasonable and "necessary to protect the public generally from the unsafe condition caused by the accumulation of leaves, papers, and other waste material which accumulate against billboards when constructed against the ground. It is a necessary restriction to protect adjoining and

other buildings contiguous thereto from the danger of fire, which could so easily be conducted from such condition. . It is also necessary for the purpose of keeping vacant property in a sanitary condition."

On authority here and elsewhere, these considerations should, in our opinion, be allowed to prevail and the ordinance upheld as a valid exercise of the powers conferred. *Rosenthal v. Goldsboro, supra; S. v. Whitlock, supra; Small v. Edenton, supra; City of Chicago v. Gunning System,* 214 Ill., 628; *City of Rochester v. West,* 164 N. Y., 510; *City of Passaic v. Bill Posting Co.,* 71 N. J. L., 75; *In re Welshire,* 103 Fed., 620.

In our present decision we do not intend to qualify or question in any way the disposition made of *Whitlock's appeal, supra.* In that case it appeared that the ordinance prohibited the erection of billboards on private property, regardless of whether the same were secure or insecure. It seemed to have been based on esthetic considerations alone, having no reference whatever to the protection and security of the public, and on that account it was held to be an unwarranted and unreasonable interference with the rights of the individual owner.

In his forcible and learned opinion in *Whitlock's case, Associate Justice Brown* states the doctrine applicable and the reasons upon which it rests as follows: "Esthetic considerations will not warrant its adoption, but those only which have for their object the safety and welfare of the community. It is conceded to be a fundamental principle under our system of government that the State may require the individual to so manage and use his property that the public health and safety are best conserved. It is to restrict the owner in those uses of his property which he may have as a matter of natural right, and make them conform to the safety and welfare of established society, that the police power of the State is invoked." . . . "While this is true, yet it is fundamental law that the owner of land has the right to erect such structures upon it as he may see fit, and put his property to any use which may suit his pleasure, provided that in so doing he does not imperil or threaten harm to others. Tiedeman Lim., 439. All statutory restrictions of the use of property are imposed upon the theory that they are neces-

sary for the safety, health, or comfort of the public; but a limitation which is unnecessary and unreasonable cannot be enforced. Although the police power is a broad one, it is not without its limitations, and a secure structure upon private property, and one which is not *per se* an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat and then prohibited." Citing *S. v. Milwaukee,* 10 Wall, 497; 1 Dillon on Municipal Corporations, 374.

There is error, and this will be certified that the cause be further proceeded with.

Reversed.