[Sup. Ct. No. 37779. Appellate Department, Superior Court, Los Angeles County.—February 6, 1930.]

THE PEOPLE, Respondent, v. THOMAS J. NORTON et al., Appellants.

John J. Craig for Appellants.

Erwin P. Werner, City Attorney, and George A. Dockweiler, Deputy City Attorney, for Respondent.

McLUCAS, P. J.—Complaint was filed in the Municipal Court of the City of Los Angeles, charging in count I thereof that the defendants did wilfully and unlawfully erect and construct, and cause and permit to be erected and constructed, within a residence district, a billboard of an area of more than twelve (12) square feet, contrary to Ordinance 38315, section 16, of said city; and in count II thereof that the defendants erected and constructed, and caused and permitted to be erected and constructed, a billboard of a surface area of more than twelve (12) square feet, without first having secured a written permit from the board of public works of said city so to do, contrary to section 20 of said ordinance. Defendants were adjudged guilty on both counts and now appeal from the judgment and from the order of the trial court denying defendants' motion for new trial, and from all orders made subsequent to the judgment.

The grounds of appeal are:

1. That the ordinance upon which complaint in this cause is based is unconstitutional, in that it seeks to deprive the defendants of the free use of their private property without due process of law, and in that said ordinance places an unreasonable restriction upon the use of private property, and that said ordinance attempts to take private property without due process of law, and that said ordinance is not within the police powers of the city of Los Angeles.

2. That the court erred in denying defendants' motion for a new trial.

3. That the court erred in its rulings upon questions of law occurring at times subsequent to trial.

4. That the evidence does not support the decision of the court herein.

Ordinance 38315 of the city of Los Angeles, being entitled "An Ordinance regulating billboards, and advertising signboards", recites in section 1 thereof, that

"For the purpose of regulating the erection, construction and maintenance of billboards and advertising signboards within the city of Los Angeles the territory of the said city shall be divided into districts to be designated and known as (1) Business districts; (2) Semi-Business districts; and (3) Residence districts."

It is provided in section 3 that semi-business districts shall include all lots fronting on both sides of the same street within any block wherein more than fifty per cent of the occupied frontage on both sides of said street is occupied by buildings, etc., devoted to or utilized for business purposes other than billboards or advertising signboards.

In section 5 it is provided that residence districts shall consist of and include all portions of the city of Los Angeles not included in the business or semi-business districts.

Section 6 forbids the erection or maintenance of any billboard within the city of Los Angeles of a surface sign space of more than ten (10) feet six (6) i.. .es in height, with certain exceptions.

Section 7. forbids the erection or maintenance of any billboard unless all portions of the base line thereof shall be at least twelve (12) inches from the surface of the ground and no portion of such base line more than five (5) feet from the surface of the ground, with certain exceptions.

Section 8 forbids the erection or maintenance in the city of Los Angeles of any billboard unless the same be safely and securely built.

Section 10 forbids the erection or maintenance within fire district number one of the city of Los Angeles of any billboard unless the same shall be constructed entirely of metal or other noncombustible materials.

Section 11 requires that billboards erected or maintained outside of fire district number one of said city, built or constructed of wood or other inflammable materials, shall be at least six (6) feet from any building or other structure constructed of wood or other inflammable materials.

Section 14 provides that it shall be unlawful for any person to cause or permit to be displayed upon any billboard any statement of an obscene, indecent or immoral nature, etc.

Section 16 provides that it shall be unlawful for any person to erect or cause to be erected within any residence district any billboard or advertising signboard of an area of more than twelve (12) square feet, or within a distance of less than fifteen (15) feet from another billboard.

In section 20 it is provided that it shall be unlawful for any person to erect or cause to be erected any billboard or advertising signboard of a surface area of more than twelve (12) square feet, within the city of Los Angeles, without first having secured a written permit from the board of public works so to do.

 Appellants contend that said ordinance is unconstitutional for the reasons stated in their grounds of appeal, as contained in the statement on appeal. Numerous authorities have been cited by appellants in support of their contention, which we believe are to be distinguished from the present case. In *Varney & Green* v. *Williams,* 155 Cal. 318 [132 Am. St. Rep. 88, 21 L. R. A. (N. S.) 741, 100 Pac. 867] relied upon by appellants, the plaintiffs brought action to enjoin the defendant municipal authorities from tearing down certain billboards maintained by plaintiffs. The defendants based their contemplated action upon the provisions of an ordinance prohibiting the erection or maintenance of any ''advertising billboard within the corporate limits of the town of East San Jose by any person except a person having a fixed place of business, who may erect and maintain on the premises where his said business is carried on, a sign advertising only merchandise for sale by him at said place of business''. The court held that if the billboards constituted a public nuisance, a court of equity would refuse any writ designed to perpetuate their maintenance, regardless of the validity of the ordinance under which defendants assumed to proceed. It was not contended by the respondents that any nuisance in fact existed unless it resulted from the mere circumstance that structures were maintained contrary to the terms of the ordinance. The court further held that, except for the limited exemption, the effect of the ordinance was to absolutely prohibit the erection or maintenance of billboards for advertising purposes, and that such sweeping prohibition was beyond the power of the town trustees. However, after pointing out that artistic or aesthetic considerations alone will not justify, as an exer-

cise of the police power, a radical restriction of the right of an owner to use his property in an ordinary and beneficial way, the court said, page 321:

"In most or all of the cases dealing with prohibitions of the right to erect or maintain billboards, it is recognized that the legislature may, under the police power, prohibit advertisements of indecent or immoral tendencies, or signs dangerous to the physical safety of the persons or property of the public. Ordinances limiting the height of billboards have been sustained as having a tendency to protect passers-by from physical injury. (*City of Rochester* v. *West,* 164 N. Y. 510 [79 Am. St. Rep. 659, 53 L. R. A. 548, 58 N. E. 673]; *Gunning System* v. *City of Buffalo,* 75 App. Div. 31, [77 N. Y. Supp. 987]; *Whitmier etc. Co.* v. *City of Buffalo,* 118 Fed. 773; *In re Wilshire,* 103 Fed. 620.)"

In *Pacific Railways Advertising Co., etc.,* v. *City of Oakland,* 98 Cal. App. 165 [276 Pac. 629], where the defendants sought to enforce an ordinance prohibiting commercial advertising on the exterior side of street-cars, the court held that the ordinance was invalid in that it attempted to restrict, by absolute prohibition, a legitimate use of private property, instead of regulating the same so that the use may not endanger the public health, morality and safety. In the case at bar we find no such radical restriction as to the use of private property. Instead of prohibiting billboards, the ordinance here, by its provisions, regulates the same so that their use may not endanger the public health, morality and safety. Necessarily, such regulations must be reasonable. In the ordinance now before us for consideration, we find that all billboards are regulated as to height, as to distance from the surface of the ground, as to the safe and secure manner in which they shall be built, as to the material of which they shall be constructed, as to the distance of wooden billboards from any building constructed of wood or other inflammable material, and as to displaying upon any billboard any statement of an obscene, indecent or immoral nature. Certainly, it must be held that all of these regulations are reasonable and tend to require the use and maintenance of billboards in such manner that they shall not endanger the public health, morality and safety.

■ Appellants contend that the billboard in question was erected on their private property, advertised their personal business, and violated none of the foregoing provisions, except that the billboard was erected in a residence district without a permit therefor. The ordinance forbids the erection of any billboard within a residence district, as defined by the ordinance, of an area of more than twelve square feet. Such prohibition of billboards more than twelve square feet in area within a residence district can only be sustained as a proper exercise of the police power, if the provisions of the ordinance reasonably tend to promote the public peace, health, safety and general welfare. In *Miller* v. *Board of Public Works,* 195 Cal. 477 [38 A. L. R. 1479, 274 Pac. 381], where the validity of an ordinance creating a strictly private residential district was brought in question, the court said:

"It is scarcely necessary to reiterate here the well-recognized principle that courts are loath to substitute their judgment as to the necessity for a particular enactment for the legislative judgment as to the need of such enactment with reference to the exercise of the police power. A large discretion is vested in the legislative branch of the government with reference to the exercise of the police power (*Mehlos* v. *Milwaukee,* 156 Wis. 591 [Ann. Cas. 1915C, 1102, 51 L. R. A. (N. S.) 1009, 146 N. W. 882]; *Carter* v. *Harper,* [182 Wis. 148, 33 A. L. R. 269, 196 N. W. 451].) Every intendment is to be indulged by the courts in favor of the validity of its exercise, and unless the measure is clearly oppressive it will be deemed to be within the purview of that power. It is only when it is palpable that the measure in controversy has no real or substantial relation to the public health, safety, morals, or general welfare that it will be nullified by the courts."

In our opinion a city ordinance is a valid exercise of the police power whereby billboards of more than twelve feet in area are prohibited in residence districts, for the reason that such a measure bears a real and substantial relation to the public health, morals, safety and general welfare. In *Thomas Cusack Co.* v. *City of Chicago et al.,* 242 U. S. 526, 530 [Ann. Cas. 1917C, 594, L. R. A. 1918A, 136, 61 L. Ed. 472, 37 Sup. Ct. Rep. 190], the court said:

"Neglecting the testimony which was excluded by the trial court, there remains sufficient to convincingly show the propriety of putting billboards, as distinguished from buildings and fences, in a class by themselves (*St. Louis Gunning Advertising Co.* v. *St. Louis,* 235 Mo. 99 [137 S. W. 929]), and to justify the prohibition against their erection in residence districts of a city in the interest of the safety, morality, health, and decency of the community."

The foregoing language was quoted with approval in *St. Louis Poster Adv. Co.* v. *City of St. Louis,* 249 U. S. 269, 274 [63 L. Ed. 599, 39 Sup. Ct. Rep. 274]. In *Appeal of Liggett,* 291 Pa. 109 [139 Atl. 619], it was held that a city, in the exercise of the police power, may prohibit the erection of billboards in residential districts.

■ Conceding, without deciding, that the ordinance involved in this case would be unconstitutional as to owners of property in wholly vacant territory included within the residential district created by said ordinance, appellants are not in position to complain that this ordinance is unconstitutional as to appellants, because the record shows that appellants' property is not such vacant property. (*Ex parte Quong Wo,* 161 Cal. 220, 233 [118 Pac. 714].)

■ Appellants also contend that the evidence shows that the immediate district in the vicinity of their property was trending away from residential into business uses, and will continue to do so, and that for such reasons the ordinance is unreasonable and discriminatory as to appellants. We have examined the evidence and find no merit in this contention. True, there are both business and vacant properties in the vicinity of appellants' property, but where an official body, in its administrative capacity. has acted upon a matter properly before it, the court will not reverse except where there is a manifest and flagrant abuse of discretion.

■ Where the city council, after a consideration of all the facts, concluded that the public welfare would be promoted by constituting the area a residence district, it is the settled rule that a court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. (*Zahn* v. *Board of Public Works,* 274 U. S. 325, 328 [71 L. Ed. 1074, 47 Sup. Ct. Rep. 594]; *Appeal of Liggett, supra;*

*Miller* v. *Board of Public Works, supra; Ex parte Quong Wo, supra.*)

Appellants further urge that the ordinance is violative of section 24, article IV, of the Constitution of California, which requires that every act shall embrace but one subject, which subject shall be expressed in its title. No mention of the penalty is made in the title of the ordinance. But it is now settled that the constitutional provision does not apply to city ordinances. (*Ex parte Haskell,* 112 Cal. 412, 421 [32 L. R. A. 527, 44 Pac. 725].) City ordinances are not required to have a title. (*Ex parte Young,* 154 Cal. 317, 321, [22 L. R. A. (N. S.) 330, 97 Pac. 822]; *In re Johnson,* 47 Cal. App. 465, 467 [190 Pac. 852]; *Trebilcox* v. *City of Sacramento,* 91 Cal. App. 257, 264 [266 Pac. 1015].)

Finally, appellants contend that the billboard ordinance was in effect repealed by a later zoning ordinance which omitted appellants' property from the strictly residential zone. We see no merit in this contention, since the later ordinance does not purport to regulate the erection and maintenance of billboards.

The judgment and orders are affirmed.

Bishop, J., and Shaw, J., concurred.