**JOHNSTON v. BOARD OF DENTAL EX-
AMINERS, D. C., et al.**

No. 8076.

United States Court of Appeals for the
District of Columbia.

Submitted Nov. 16, 1942.

Decided Jan. 18, 1943.

Writ of Certiorari Denied May 24, 1943.

See 63 S.Ct. 1177, 87 L.Ed. —.

Messrs. Alvin L. Newmyer and David G. Bress, both of Washington, D. C., were on the brief for appellant.

Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, and Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, both of Washington, D. C., were on the brief for appellees. Mr. Oliver Gasch, Assistant Corporation Counsel, District of Columbia, of Washington, D. C., also entered an appearance for appellees.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

The appellant, Samuel B. Johnston, a practicing dentist in the District of Columbia for twenty-five years, feels that unduly oppressive and unwarranted restrictions have been placed upon the conduct of his profession. He instituted proceedings against the Board of Dental Examiners, appellees, to test the constitutionality of the Dental Act of 1940 [1] and the validity of the appellees' regulations issued thereunder. The District Court found his objections to be without merit and dismissed his complaint.

The Act in question contains the announced purpose of promoting public confidence in the dental profession.[2] It seeks to prevent the commercialization of the profession and unseemly competition among its members. By its terms, the dentist who employs "bait advertising", large or glaring light signs, pictorial or diagrammatic exhibitions or other extravagant means of alluring or attracting patients, subjects himself to suspension or revocation of his license to practice.[3]

The Act sets up the Board of Dental Examiners, and gives it the power to revoke or suspend the license of any dentist found to be guilty of unprofessional conduct, which among other things is declared to be: "Advertising by any medium other than * * * a modest professional card or the display of a modest window or street sign at the licensee's office, which professional card or window or street sign shall display only the name, address, profession, office hours, telephone connections, and, if his practice is so limited, his specialty: * * *."[4]

The Board was delegated authority to make such rules and regulations as it deemed necessary to effectuate the purposes of the Act;[5] it was specifically authorized to designate the size of cards and signs.[6] Pursuant to this authorization, the Board declared on November 18, 1940, that a licensee is permitted to display only two modest signs, with information thereon confined to that allowed by the Act. Window signs and signs flush with a building may not exceed 288 square inches in area, with lettering limited to 3 inches in height. Signs which protrude from a building may not exceed 144 square inches in area, with lettering similarly limited to 3 inches in height. The licensee is limited to a single advertisement, not to exceed 2¼ inches in width and 1 inch in height, in a copy of any newspaper or publication at one time.

Appellant has not been accustomed to advertising in an unobtrusive manner. The regulations of the Board impose moderation, whereas he has found it profitable to be ostentatious. He estimates that more than one-half of his fifty to sixty patients a day are attracted by his newspaper advertisements and building signs. He has spent from $2,500 to $6,000 a year in newspaper advertising. He has placed four signs flush with his office building, 4 by 6 feet in size, on which there is lettering 4, 5, and 8 inches in height; and a large metal sign hung at an angle. Thus there are at least twice the number of signs permitted by the regulations, and each of the signs flush with the building is twelve times the maximum size allowed. Appellant also displays laboratory dental work in a small show case at the entrance of his office building.

Alleging that he was threatened with criminal prosecution and revocation of his license if he continued these prac-

[1] Act of July 2, 1940, 54 Stat. 716, c. 513, D.C.Code (1940) §§ 2—301 to 2—331.

[2] 54 Stat. 718, c. 513, § 10, D.C.Code (1940) § 2—310.

[3] 54 Stat. 718, c. 513, § 11(d), D.C. Code (1940) § 2—311(d).

[4] 54 Stat. 719, c. 513, § 11(h) (3), D.C. Code (1940) § 2—311(h) (3).

[5] 54 Stat. 716, c. 513, § 2, D.C.Code (1940) § 2—302.

[6] 54 Stat. 719, c. 513, § 11(h) (3), D.C. Code (1940) § 2—311(h) (3).

tices, appellant asked the District Court for a declaratory judgment to determine his right to persist therein and for an injunction against the Board prohibiting the threatened enforcement of its regulations. He urges that he is deprived of the due process of law assured to him by the Fifth Amendment in so far as the Act forbids the advertising of prices, the advertising of free dental examinations, the display of teeth or bridgework, and truthful advertising in general. The courts have so often sustained identical legislative provisions [7] that we are somewhat surprised at appellant's apparently serious re-presentation of this argument here. The terms of the Act are clear. The words "large", "professional services", "indirectly", and "advertising" have all been considered sufficiently definite and precise as used in legislation of this character.[8] The limitation on newspaper advertising is a reasonable regulation under the terms of the Act.[9]

Appellant urges that the Board has no authority to designate the *number* of signs that he may employ, there being no limitation in the Act as to number, but only as to size. The Board insists that "size", as used in the Act, means "aggregate size", else the Congressional provision is ineffectual. We agree that the regulation dealing with size is a nullity if it permits the licensee to accomplish through multiplicious production the effect which is denied to a single display.

The appellant's remaining attack is against the regulation of the Board which limits the size of advertising signs to 144 and 288 square inches, with maximum lettering of 3 inches in height. He urges that two signs of the prescribed size placed on the building outside of his second story office would clearly be ineffective in the light of the congested traffic and other physical conditions existing at that corner. He complains that the regulation makes no distinctions on the basis of the size or locality of the building, the floor upon which the office is located, or the nature of the obstructions to the view thereof; and that the limitation is arbitrary, with no elasticity or discretion provided.

The regulations of the Board are valid so long as they are not unreasonable or arbitrary. If any doubt exists as to their invalidity, they must be upheld.[10] The precise question is whether the limitation of a dentist's office signs to 144 and 288 square inches, with maximum lettering of 3 inches in height, is clearly an unreasonable restriction under the terms of the Act.

Cases concerning regulation of the size of billboard advertisements furnish a near analogy. Ordinances limiting the height of billboards have generally been upheld as a lawful exercise of the police power.[11] Often when ordinances have prohibited the erection of billboards to a height exceeding 6, or 7, or 8 feet, the courts have been in considerable doubt as to their validity. They have felt that the prescribed limitation closely approached the point of unreasonableness. In one case, in discussing the position which the courts occupy in problems of this character, it was said that had the ordinance under consideration prohibited billboards over 50 feet in height, it would unquestionably have been valid; on the other hand, if the ordinance had limited the height to 2 feet, the restriction would clearly have been unreasonable and arbitrary.[12] Many times the courts have recognized the fact that there is a range somewhere between two extremes within which reasonable men might disagree. Thus, although they were in some doubt as to the reasonableness of the

[7] Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086, affirming 148 Or. 50, 34 P.2d 311; Winberry v. Hallihan, 361 Ill. 121, 197 N.E. 552; Commonwealth v. Brown, 302 Mass. 523, 20 N.E. 2d 478, appeal dismissed 308 U.S. 504, 60 S.Ct. 96, 84 L.Ed. 432; Goe v. Gifford, 168 Va. 497, 191 S.E. 783.

[8] Rust v. Missouri Dental Board, 348 Mo. 616, 155 S.W.2d 80.

[9] Winberry v. Hallihan, 361 Ill. 121, 197 N.E. 552.

[10] In re Wilshire, C.C.S.D.Cal., 103 F. 620; People v. Norton, 108 Cal.App. 767, 288 P. 33; Odd Fellows' Cemetery Ass'n v. City & County of San Francisco, 140 Cal. 226, 73 P. 987; State v. Staples, 157 N.C. 637, 73 S.E. 112, 37 L.R.A.,N.S., 696.

[11] Whitmier & Filbrick Co. v. City of Buffalo, C.C.W.D.N.Y., 118 F. 773; In re Wilshire, supra, note 10; People v. Norton, supra, note 10; St. Louis Gunning Advertisement Co. v. City of St. Louis, 235 Mo. 99, 137 S.W. 929, appeal dismissed 231 U.S. 761, 34 S.Ct. 325, 58 L.Ed. 470; Ex parte Savage, 63 Tex.Cr. R. 285, 141 S.W. 244, Ann.Cas.1913D, 951.

[12] In re Wilshire, C.C.S.D.Cal., 103 F. 620.

limitation sub judice, they have concluded for that very reason, i. e., the fact that they *were* in doubt, that they were compelled to uphold the ordinance.[13]

■ We are faced with the issue whether the prescribed dentist's sign is comparable to the 2-foot billboard described in the preceding paragraph. Bearing in mind the purpose of the Act to maintain high professional standards and to eliminate "bait advertising" as a means of competition,[14] we cannot but deem the dimensional delimitations upon dental displays to be reasonable. The law demands simplicity and reserve; the regulations of the Board merely insure that these will be maintained. Regulations preventing the commercialization and exploitation of the medical professions have repeatedly been held to bear a reasonable relationship to the public health and safety.[15] The Supreme Court of the United States, in sustaining an Oregon statute almost identical with our own, said: "* * * the community is concerned in providing safeguards not only against deception, but against practices which would tend to demoralize the profession by forcing its members into an unseemly rivalry which would enlarge the opportunities of the least scrupulous. * * *"[16]

In Modern System Dentists v. State Board of Dental Examiners, etc.,[17] the dental board had determined that a sign larger than 600 square inches, with letters limited to 6 inches in height, constituted unprofessional advertising. The statute was substantially comparable to our own. The court held that the determination must stand, and that the Board had the power to prescribe the size of both the sign and its lettering.

We would dismiss the matter here, were it not for the language of the Act, set forth earlier in this opinion, which forbids "Advertising by any medium other than * * * the display of a modest window or street sign at the licensee's of-fice, which * * * shall display only the *name, address, profession, office hours, telephone connections,* and, if his practice is so limited, *his specialty*: * * *." [Italics supplied.]

■ We interpret this to mean that every dentist in the District has a right to maintain a window or building sign at his office, and that he has a right to put on that sign any or all of the data italicized in the above quotation. The more information placed on the sign, the smaller the lettering. The purpose of the Act, however, was to reduce professional lettering to modest proportions. Clearly, two window signs or two signs flush with the building, of 288 square inches each (maximum lettering 3 inches in height), are adequate for this purpose. The limitation of a protruding sign to 144 square inches (maximum lettering 3 inches in height) may at first appear restrictive beyond the extent necessary to effectuate the purposes of the Act. This impression is resolved, however, when it is considered that the regulations allow two such signs, that the permissible data may be divided between them, and that a protruding sign is generally more conspicuous than a sign flush with the building.

■ There is nothing in the Act to indicate that the Board must consider each licensee separately in respect of the location of his office building, his office floor, local traffic conditions, etc. It is apparent that had Congress inflicted upon the Board the task of determining the size of each individual advertisement, based upon the particular location of and the conditions surrounding an office, it would have been stated in clear terms. As we see it—if a general dimensional regulation of this character is reasonable, if it substantially effectuates the purpose of an act designed to promote the public health and safety, it cannot be considered to contravene the guarantees of the Fifth Amendment. Like the rain, which falleth on the just and on

[13] Cream City Bill Posting Co. v. City of Milwaukee, 158 Wis. 86, 147 N.W. 25, 30; In re Wilshire, supra, note 12; see People v. Norton, 108 Cal.App. 767, 288 P. 33.

[14] Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S. Ct. 570, 79 L.Ed. 1086.

[15] Winberry v. Hallihan, 361 Ill. 121, 197 N.E. 552, 555; United States v. American Medical Ass'n, 72 App.D.C. 12, 110 F.2d 703, certiorari denied 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411; American Medical Ass'n v. United States, 76 U.S.App.D.C. 70, 130 F.2d 233, certiorari granted 63 S.Ct. 44, 87 L.Ed. —; Id., 63 S.Ct. 326, 87 L.Ed. —.

[16] Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 612, 55 S.Ct. 570, 572, 79 L.Ed. 1086.

[17] 216 Wis. 190, 256 N.W. 922.

the unjust, the regulations of the Board affect alike all dentists in the District of Columbia. In legislation of this character, and regulations thereunder, it may well be that conscientious and responsible members of the profession are affected by regulations designed to constrain their less scrupulous brethren in the exploitation of the public.[18]

The Board, a body of competent practicing dentists, acting under Congressional authority, has determined the rules for advertising within its profession. The District Court has held the regulations promulgated under that authority to be reasonable and valid. We see no sound basis upon which these determinations may be disturbed. Hence the judgment is affirmed.

[18] Goe v. Gifford, 168 Va. 497, 191 S. E. 783, 786; Semler v. Oregon State Board of Dental Examiners, 148 Or. 50, 34 P.2d 311, 314.