THE WALTER TURNER COFFEE COMPANY, INCORPORATED, v. MAX-
WELL H. THOMPSON AND JAMES G. LIPE, T/D/A THOMPSON-LIPE
COMPANY.

(Filed 9 April, 1958.)

**1. Appeal and Error § 50—**

In injunction proceedings the Supreme Court is not bound by the findings of fact of the trial court, but nevertheless the presumption is in favor of such findings, and appellant must assign and show error.

**2. Injunctions § 8—**

The court has the sound discretion to dissolve a temporary restraining order when plaintiff's whole equity is denied in the answer, certainly when it does not affirmatively appear that plaintiff is threatened with irreparable injury or that he does not have an adequate remedy at law.

APPEAL by plaintiff from *Nettles, J.,* November 1957 Term, CALD-
WELL Superior Court.

Civil action (1) for recovery of a penalty for alleged unlawful use of trade-marks; (2) for mandatory order requiring defendants to surrender "all trade-marks and designs, duplicates, or imitations" belonging to the plaintiff; (3) for temporary restraining order against the use of any product bearing "the trade-marks and designs" of the plaintiff. Upon the verified complaint, treated as an affidavit, the court issued a temporary restraining order.

By verified answer, the defendants set up the defense that under a contract they had with Walter D. Turner they obtained the legal right to the use of the trade-marks, designs, etc., and that Walter D. Turner had organized the plaintiff corporation and attempted to assign to it rights already assigned to the defendants; and that the attempted assignment was for the purpose of defeating the defendants of their rights under the contract; that the incorporators are the members of Walter D. Turner's family; that he is the owner and organizer, and the corporation is his alter ego.

By reply, the plaintiff alleged it was not a party to the contract and that the same was void for uncertainty, and for other reasons.

After hearing, the court dissolved the restraining order without finding, or a request for finding, facts. The plaintiff excepted and appealed.

*W. H. Strickland, Alfred R. Crisp, for plaintiff, appellant.*
*Williams & Whisnant, for defendants, appellees.*

HIGGINS, J. The contract set up by the defendants is discussed in the case of *Thompson v. Turner,* 245 N.C. 478, 96 S.E. 2d 263. We refrain from further discussion of the merits in order that neither party may be prejudiced at the final hearing. This Court is not bound by the findings of fact made at the trial below; it ". . . nevertheless indulges the presumption that the findings of the hearing judge are correct, and requires the appellant to assign and show error . . ." *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116.

We have a right to assume the trial court dissolved the order in the exercise of a sound discretion. ". . . 'whether the court will dissolve an injunction on hearing the answer only, or will order the bill to stand over for proofs, much must depend upon the sound discretion of the judge who is to decide the question.' . . . 'But it is also a well settled rule that when by the answer the plaintiff's whole equity is denied, and the statement in the answer is credible and exhibits no attempt to evade the material charges in the complaint, . . . an injunction . . . will be dissolved.'" *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319. (authorities cited)

In this case it is extremely doubtful whether the complaint can be so construed as to allege either the plaintiff is threatened with irreparable injury, or that it does not have an adequate remedy at law. *Arey v. Lemons,* 232 N.C. 531, 61 S.E. 2d 596; *Oil Co. v. Mecklenburg County,* 212 N.C. 642, 194 S.E. 114.

The order of the Superior Court from which this appeal is taken is Affirmed.