LITTLE PEP DELMONICO RESTAURANT, INC., ON BEHALF OF ITSELF, AND SUCH OTHER CITIZENS AND PLAINTIFFS OF MECKLENBURG COUNTY, N. C., AS AFFECTED BY ORDINANCE NO. 446 IN THE CITY CODE OF CHARLOTTE, N. C., AND LISTED IN THE COMPLAINT v. THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 6 April, 1960.)

**1. Injunction § 7—**

While injunction will not ordinarily lie to restrain the enforcement of an ordinance, injunction will lie if an ordinance is arbitrary, discriminatory and based solely on aesthetic considerations, and compliance with the ordinance would necessitate the expenditure of a large sum of money by the property owners to make their buildings conform to its provisions, and thus result in irreparable injury.

**2. Same: Injunction § 13: Municipal Corporations § 34—**

Findings to the effect that a municipal ordinance prohibiting the maintenance of business signs over sidewalks in a designated area of the city was based solely on aesthetic consideration, discriminated without basis as between the area subject to the ordinance and the territory outside the area, and that it would cost the property owners a very large sum to make their properties conform to the ordinance, are sufficient to support an order issued upon notice enjoining the enforcement of the ordinance until the final hearing.

**3. Appeal and Error § 50—**

While the Supreme Court has the power to make findings at variance with those of the trial court upon an appeal in injunction proceedings, the Court will not disturb an order granting injunction to the hearing

on the merits when it is made to appear that the questions presented are grave and that the injury to movant will be certain and irreparable if the application for the interlocutory injunction should be denied, and that the injury to the opposing party from the granting of the order would be inconsiderable or subject to adequate indemnity by bond.

APPEAL by defendant from *Clarkson, J.,* at Chambers 30 December 1959, in MECKLENBURG.

Plaintiff, acting in its own behalf and for numerous other property owners named in the complaint, instituted this action on 11 December 1959. It challenged as arbitrary and discriminatory an ordinance adopted by the City Council prohibiting the maintenance of business signs over sidewalks in a designated area of the City. The ordinance fixed 1 January 1960 as its effective date. Violations of ordinances of Charlotte are punishable by a fine of $50. Each day a prohibited condition is permitted to continue is a separate offense. Plaintiff alleged and testimony by officials of defendant established an intent to require removal of the signs as soon as the challenged ordinance became effective. Plaintiff alleged such enforcement would result in irreparable damage and prayed for a determination of the validity of the ordinance and an order prohibiting enforcement pending such determination.

The court upon notice heard the motion for the injunction. On 30 December it made findings of fact and issued an order prohibiting enforcement until the final hearing. Defendant excepted to the findings and to the order and appealed.

*Plumides & Plumides for plaintiff appellees.*
*John D. Shaw for defendant, appellant.*

RODMAN, J. The question for decision is: Did the court err in granting injunctive relief pending a final determination of the validity of the ordinance, or must plaintiff and other interested parties await criminal prosecution to test its validity? The court found the action was instituted on behalf of 100 merchants in Charlotte who had erected signs in conformity with permits issued by the City as authorized by an ordinance in effect prior to the adoption of the challenged ordinance. It found that to remove and replace these signs would cost in excess of $200,000; hence enforcement of the ordinance, if invalid, would cause plaintiff and other interested parties irreparable damage. It further found there was no evidence for the City that the existing signs "in any way materially affect the health, morals, safety or general welfare of citizens of the City of Charlotte."

In addition to the findings summarized above, the court found:

"9. The Court further finds as a fact that the main and only consideration for the passage of said Ordinance No. 446 was that of improving the appearance of said named streets and was passed for aesthetic values only."

"11. The Court further finds as a fact that said Ordinance No. 446 is arbitrarily and oppressively discriminating in that it exempts from said ordinance persons in the immediate area of the included downtown area from said Ordinance No. 446, and that the character of business and width of the street are the same in said area as that area included in said Ordinance No. 446, and therefore said Ordinance No. 446 contains an unreasonable classification in that it takes a right given to the plaintiffs away from them and allows persons outside the prescribed area, as set forth in said Ordinance No. 446, to continue enjoying said rights."

Courts are properly hesitant to interfere with a legislative body when it purports to act under the police power, but the exercise of that power must rest on something more substantial than mere aesthetic considerations. If it appears that the ordinance is arbitrary, discriminatory, and based solely on aesthetic considerations, the court will not hesitate to declare the ordinance invalid. *S. v. Brown,* 250 N.C. 54, 108 S.E. 2d 74; *In re O'Neal,* 243 N.C. 714, 92 S.E. 2d 189; *S. v. Staples,* 157 N.C. 637, 73 S.E. 112; *Barger v. Smith,* 156 N.C. 323, 72 S.E. 376; *S. v. Whitlock,* 149 N.C. 542; 37 Am. Jur. 967-968.

The court heard the parties and on the evidence submitted made its findings. The findings are sufficient to establish apparent invalidity and hence sufficient to warrant temporary injunctive relief. Plaintiff was not required to await criminal prosecution for a violation. *Speedway, Inc. v. Clayton,* 247 N.C. 528, 101 S.E. 2d 406; *Lanier v. Warsaw,* 226 N.C. 637, 39 S.E. 2d 817; *Advertising Co. v. Asheville,* 189 N.C. 737, 128 S.E. 149; *Crawford v. Marion,* 154 N.C. 73, 69 S.E. 763; *Pierce v. Society of Sisters of Holy Names,* 268 U.S. 510, 69 L.Ed. 1070.

In actions of this character we have the power to examine the evidence and make findings at variance with the findings made by the trial court; but when called upon to exercise the power, we do so in conformity with the rule given in *Ohio Oil Company v. Conway, Supervisor,* 279 U.S. 813, 73 L.Ed. 972, quoted with approval in *Castle v. Threadgill,* 203 N.C. 441, 166 S.E. 313: "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party,

even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted." The burden is on appellant to show error. The presumption is that the findings made by the trial court are correct. *Coffee Co. v. Thompson,* 248 N.C. 207, 102 S.E. 2d 783; *Aircraft v. Union,* 247 N.C. 620, 101 S.E. 2d 800. Upon a careful review of the evidence we find no reason which would justify us in vacating the findings or order made by the trial judge. The judgment is

Affirmed.